John R. Till          SBN 178763     JTill@PaladinLaw.com
Rebecca L. Davis      SBN 271662     RDavis@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone:    (925) 947-5700
Facsimile:    (925) 935-8488

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, an individual; ANNE SCHAEFFER, and individual; and REESE SCHAEFFER, a minor by and through her general guardians Ryan Schaeffer and Anne Schaeffer,<br><br>*Plaintiffs,*<br><br>v.<br><br>GREGORY VILLAGE PARTNERS, L.P., a California Partnership, *et al.*<br><br>*Defendants.* | Case No. 3:13-CV-4358 JST<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE MAJOR BRAR'S ANSWER<br><br>Hearing Date: Thursday, January 9, 2014<br>Hearing Time: 2:00 p.m.<br><br>Hon. Jon S. Tigar |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

NOTICE IS HEREBY GIVEN that on Thursday, January 9, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard by the above captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in the courtroom of Hon. Jon S. Tigar, Courtroom 9, Plaintiffs Ryan Schaeffer, Anne Schaeffer, and Reese Schaeffer ("Plaintiffs") will and hereby do move the court to strike the answer of defendant Major Brar ("Brar"), to require Brar and his attorney to pay Plaintiffs' costs and fees associated with this motion, and for an order prohibiting Brar from moving to set aside the default entered against him.



This motion to strike Brar's Answer is made under Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that Brar lacks standing to file a responsive pleading because he is in default, and because his answer, filed nearly a year being service with Plaintiffs' Fourth Amended Complaint is untimely.

This motion will be based on this notice, the memorandum of points and authorities attached hereto, the declaration of John R. Till and Request for Judicial Notice filed herewith, the pleadings, documents, records, and files in this action, and such oral and documentary evidence as may presented at the hearing.

Date: November 12, 2013

PALADIN LAW GROUP® LLP

/s/ Rebecca L. Davis

Rebecca L. Davis
Counsel for Plaintiffs



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Having previously taken no action in this case, defendant Major Brar ("Brar") filed an answer to plaintiffs Ryan Schaeffer, Anne Schaeffer, and Reese Schaeffer's ("Plaintiffs") Fourth Amended Complaint ("FAC") on October 21, 2013, two years after being served with the original complaint and nearly a year after his default was entered. Brar did not seek or obtain relief from default and did not seek or obtain permission to late-file an answer. Brar's Answer should be stricken because he lacks standing to file an answer since he is in default, and even if he had standing, his Answer should be stricken as untimely.

## II. FACTS

Plaintiffs filed their original complaint on June 1, 2011. (Till Decl. ¶ 2.) Brar signed a Notice of Acknowledgement of Receipt of the summons and complaint and returned it via mail to Plaintiffs' counsel who received it on June 23, 2011. (Till Decl. ¶ 3.) Brar was served with Plaintiffs' first, second and third amended complaints on February 2, 2012, June 23, and August 25, 2012, respectively (10 days after mailing of summons and complaint following substitute service pursuant to Cal. Civ. Proc. § 415.20(a)). (Till Decl. ¶¶ 4-6.)

Plaintiffs filed their Fourth Amended Complaint ("FAC") on October 11, 2012, and Brar was served on October 28, 2012. (Till Decl. ¶ 7.) Brar had until November 27, 2012 to file an answer (Cal. Civ. Proc. § 412.20(a)(3)), but he did not do so. (Till Decl. ¶ 8.) On December 4, 2012, Plaintiffs requested that Brar's default be entered. (Till Decl. ¶ 9.) The clerk of the Superior Court of California in and for the County of Contra Costa entered Brar's default on December 5, 2012. (Till Decl. ¶ 9.) This action was removed to federal court on September 19, 2013. (Till Decl. ¶ 10.) Nearly a year after being served with the FAC, and over two years after being served with the original complaint, Brar filed an answer to the FAC in this court on October

21, 2013. (Till Decl. ¶ 13.) Brar has made no motion to set aside the entry of default.

### III. ARGUMENT

#### A. Standard

Rule 12(f) of the Federal Rules of Civil Procedure provide that the court, upon motion or sua sponte, "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Proc. 12(f). Additionally, an answer filed beyond the time permitted by may be stricken as untimely if the pleader failed to obtain for the court an extension or time or leave to late-file the pleading. *Cobell v. Bortoni*, 213 F.R.D. 42 (D. D.C. 2003) (granting a motion to strike an untimely filing because "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules"). The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice, and the decision to grant or deny a motion to strike is vested in the trial court's sound discretion. *Id.*; *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995) ("*Sands*"). To show that a defense is "insufficient," "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Sands*, 902 F.Supp. at 1165. Based on Brar's Answer and the entry of default attached as Exhibit 12 to Plaitniffs' Request for Judicial Notice filed concurrently herewith, there are no questions of fact, and because Brar has not sought or obtained relief from default entered against him, under no circumstances is his answer legally sufficient.

#### B. Brar lacks standing to file an answer because his default was entered.

Upon removal of a case from state to federal court, a federal court takes the case as it finds it and treats everything that occurred in state court as if it had taken place in federal court. *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Therefore, if default is validly entered in state



court before removal, the federal court treats it as a valid entry of default in federal court as well. *Id.* at 785-786; *In re McCraney*, 439 B.R. 188, 200 (Bankr. D. N.M. 2010). Prior to removal, Brar's default was validly entered by the Superior Court of California, County of Contra Costa on December 5, 2012 (Req. Jud. Not. Exh. 1), and should be given full effect in this Court.

Once default has been entered against a defendant, the defendant lacks standing to file any responsive pleading without first obtaining relief from the default. *Forbes v. Cameron Petroleums, Inc.*, 147 Cal.Rptr. 766, 768-769 (Cal. Ct. App. 1978). Entry of a defendant's default cuts off the defendant's right to answer or otherwise contest liability, and any answer filed by a defendant after default has been entered is a legal nullity. *Id.* (citing *Christerson v. French*, 182 P. 27, 28 (Cal. 1919)); *see generally*, Moore's Federal Practice § 55.03[2] ("When a party is in default ... the party himself has lost standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing.") (quoting *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927)). Since Brar's default was already entered nearly a year ago, on December 5, 2012, he has no standing to file any responsive pleading in this action, including an answer, without first obtaining relief from his default. Brar's Answer is therefore a legal nullity and must be stricken.

### C. Even if Brar had standing, his answer should be stricken because it is untimely.

An answer filed beyond the time permitted by law may be stricken as untimely if the pleader failed to obtain an extension or leave to late-file the pleading. *Canady v. Erbe Elektromedizin*, 307 F. Supp. 2d 2, 7 (D. D.C. 2004); *Cobell*, 213 F.R.D. 42 (granting a motion to strike untimely filing because "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules"). Unless extended by stipulation or court order, under California law, a defendant's answer is due within 30 days after service of the complaint. Cal. Civ. Proc. Code § 412.20(a)(2).

Brar was served with the Fourth Amended Complaint on October 28, 2012, and accordingly had until November 27, 2012 to file an answer. Brar did not answer within the time permitted. In fact, Brar did absolutely nothing in this action for years. Finally, on October 21, 2013, having made no request for leave to late-file his answer to this Court or the state court prior to removal, Brar filed an answer. (Till Decl. ¶ 13.) His answer is grossly untimely, and should be stricken.

### D. Brar should be ordered to pay Plaintiffs' attorney's costs and fees in filing this motion.

The court can order a defendant or the defendant's attorney to pay a plaintiff's attorney's fees and costs of motions filed as a result of failure to file a timely answer. *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 556-557 (M.D. Pa. 1984) (citing *Gerlach v. Michigan Bell*, 448 F.Supp. 1168 (E.D. Mich 1978); *Morisse v. Defensive Instruments, Inc.*, 55 F.R.D. 433, 435 (E.D. Wisc. 1972); *Hanley v. Volpe*, 48 F.R.D. 387 (E.D. Wisc. 1970)).

There may be no better case for such an order than this. In email and phone communications with Brar's attorney during the two weeks prior to Brar filing his answer, Plaintiffs' attorney informed Brar's attorney that, since his default had already been entered, Brar's only option was to file a motion to vacate the entry of default. (Till Decl. ¶ 11.) On October 16, 2013, Brar's attorney asked Plaintiffs' attorney to dismiss the action against him before Brar filed an answer. (Till Decl. ¶ 12.) In response, Plaintiffs' attorney asked why Brar was just now acting on the matter. (Till Decl. ¶ 12.) Brar's attorney did not respond. (Till Decl. ¶ 12.) Instead, without any legal basis for doing so, he filed Brar's Answer five days later - nearly a year after his default was entered, and more than two years after being served with the first pleadings in this matter – thereby necessitating this motion. (Till Decl. ¶ 13.) There is no good faith legal or factual argument for filing such an untimely answer, particularly since default was already entered against Brar. Brar's Answer was filed in bad faith, and he and his attorney

should be required to pay Plaintiffs' attorneys' fees and costs in bringing this motion.

**E. Motion to set aside default should not be granted.**

California Code of Civil Procedure requires that a motion to set aside a default must be brought within six months of entry of default by the clerk. Cal. Civ. Proc. Code § 473(b). The removal to federal court does not reset the time to file the motion to set aside. *See Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Since Brar did not bring a motion to set aside within six months of entry of default by the clerk, his Answer should be stricken, and Brar should be prevented from brining a motion to set aside.

### IV. CONCLUSION

For the above stated reasons, Plaintiffs respectfully request the Court strike the answer of defendant Brar, order Brar and his attorney to pay Plaintiffs' attorney's fees and costs incurred in bringing this motion, and prohibit Brar from filing a motion to set aside in this action.

Respectfully submitted,

Date: November 12, 2013            PALADIN LAW GROUP® LLP

_____
Rebecca L. Davis
Counsel for Plaintiffs

