PALADIN LAW GROUP LLP
John R. Till (State Bar No. 178763, jtill@paladinlaw.com)
Kirk M. Tracy (State Bar No. 288508, ktracy@paladinlaw.com)
1176 Boulevard Way
Walnut Creek, California 94595
Telephone: (925) 947-5700
Facsimile: (925) 935-8488

Attorneys for Plaintiffs

CROWELL & MORING LLP
Mark D. Plevin (State Bar No. 146278, mplevin@crowell.com)
Brendan V. Mullan (State Bar No. 267613, bmullan@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendants Estate of Kathleen N. Taylor, Deceased Estate of Floyd G. Taylor, Deceased, and Estate of Sam S. Lim, Deceased (only with respect to insurance coverage allegedly issued by Fireman's Fund Insurance Company)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al., | CASE NO. 3:13-CV-04358-JST |
| Plaintifs, | **SECOND STIPULATION AND ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT** |
| vs. | **[Local Rule 6-1]** |
| GREGORY VILLAGE PARTNERS, L.P., et al., | |
| Defendants. | |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Ryan, Anne, and Reese Schaeffer (collectively, the "Plaintiffs"), and defendants the Estate of Kathleen N. Taylor, Deceased, the Estate of Floyd G. Taylor, Deceased, and the Estate of Sam S. Lim, Deceased (only with respect to insurance coverage allegedly issued by Fireman's Fund Insurance Company (collectively, the "Estates"), through their respective

- 1 -

attorneys, hereby stipulate as follows:

1. Plaintiffs filed this lawsuit on or about June 1, 2011 in the Contra Costa County Superior Court. The matter was removed to this Court on or about September 19, 2013.

2. Pursuant to California Probate Code § 550, *et seq.*, on March 10, 2014 Plaintiffs served Fireman's Fund Insurance Company ("Fireman's Fund") with a summons and the operative complaint on behalf of the Estates.

3. Plaintiffs and Fireman's Fund previously stipulated that Fireman's Fund's response to the operative complaint is due on May 9, 2014. The Court approved that stipulation on April 11, 2014 (*see* Dkt. No. 75).

4. Fireman's Fund has advised Plaintiffs that it believes it did not issue any insurance policies that could provide coverage for any of the Estates in this case. Fireman's Fund has provided the Plaintiffs with a letter to that effect and documents that Fireman's Fund contends support that belief. Based on this, Fireman's Fund has asked Plaintiffs to withdraw the summons previously served on Fireman's Fund in this case.

5. Fireman's Fund has also served Plaintiffs, on April 9, 2014, with interrogatories and requests for production of all documents supporting any contention by Plaintiffs that Fireman's Fund issued any insurance policies that could provide coverage for any of the Estates in this case. Plaintiffs' responses to Document Request Nos. 1-12 is due on May 26, 2014. Plaintiffs' responses to Document Request No. 13 and the interrogatories are due June 16, 2014.

6. Fireman's Fund and Plaintiffs are currently engaged in meet-and-confer discussions regarding Fireman's Fund's request that Plaintiffs withdraw their summons to Fireman's Fund and Plaintiffs' basis, if any, for contending that Fireman's Fund issued any insurance policies that could provide coverage for any of the Estates in this case. The parties require additional time to complete those meet-and-confer discussions, and agree that a further extension of Fireman's Fund's time to respond to the operative complaint is appropriate while those meet-and-confer discussions continue.

7. Accordingly, Plaintiffs and Fireman's Fund hereby stipulate and agree that

Fireman's Fund shall have until June 2, 2014 to file responses to the Complaint on behalf of the Estates, unless Plaintiffs have withdrawn their summons to Fireman's Fund for the Estates before that date.

8. The parties agree that by entering into this stipulation, the Estates do not waive any affirmative or other defenses in this matter, including without limitation the right to assert insufficiency of service of process, lack of personal jurisdiction, lack of subject matter jurisdiction, or the right to challenge the use of Probate Code § 550, *et seq.* in federal court generally or specifically as to any of the defendants.

**STIPULATED AND AGREED:**

Dated: May 7, 2014                    CROWELL & MORING LLP

                                      By /s/ Mark D. Plevin
                                         MARK D. PLEVIN
                                         BRENDAN V. MULLAN

                                      Attorneys for Defendants Estate of Kathleen N. Taylor, Deceased, Estate of Floyd G. Taylor, Deceased, and Estate of Sam S. Lim, Deceased (only with respect to insurance coverage allegedly issued by Fireman's Fund Insurance Company)

Dated: May 7, 2014                    PALADIN LAW GROUP LLP

                                      By /s/ John R. Till
                                         JOHN R. TILL
                                         KIRK M. TRACY

                                      Attorneys for Plaintiffs RYAN, ANNE and REESE SCHAEFFER

**IT IS SO ORDERED.**

Dated: May 8, 2014

*[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*IT IS SO ORDERED*
*Judge Jon S. Tigar*

2D STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT        Case No. 3:13-CV-04358-JST
[Local Rule 6-1]
SFACTIVE-903303391.5

1095415/19136267v.1