John R. Till     SBN 178763   JTill@PaladinLaw.com
Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
PALADIN LAW GROUP LLP
1176 Boulevard Way
Walnut Creek, California 94595
Telephone: (925) 947-5700
Facsimile:  (925) 935-8488

Counsel for Plaintiffs
Ryan, Anne and Reese Schaeffer

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, an individual; ANNE SCHAEFFER, an individual; and REESE SCHAEFFER, a minor by and through her general guardians Ryan Schaeffer and Anne Schaeffer,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY VILLAGE PARTNERS, L.P., a California partnership, et al.,<br><br>Defendants. | Case No. 3:13-CV-04358-JST<br><br>**STIPULATION AND ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT [Local Rule 6-1]** |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT the parties hereto, through their respective counsel, stipulate (subject to this Court's approval) to an extension of the due date for Defendants the Estate of Kathleen N. Taylor, Deceased ("Taylor Estate"), the Estate of Sam S. Lim, Deceased ("Lim Estate") and Floyd Taylor (counsel for Plaintiffs has represented that Floyd Taylor is now deceased, although he was named and sued before his death) to respond to Plaintiffs' Fourth Amended Complaint ("Complaint").  "The Travelers Insurance Company" was served via Metropolitan Life Insurance Company ("Metlife") pursuant to California Probate Code section 550, based on an allegation that The Travelers Indemnity Company ("Travelers") or a Travelers affiliate allegedly issued a potentially applicable liability insurance policy or policies insuring the Taylor Estate, the Lim Estate and Floyd Taylor.

1

These Defendants previously were given an extension to and including May 9, 2014 to respond to the Complaint, through a Stipulation filed on April 11, 2014 (Document 75), filed by counsel for these Defendants retained by other insurance companies that allegedly issued potentially applicable liability insurance policies insuring these Defendants. For the reasons set forth below, Travelers, on behalf of alleged policyholders the Taylor Estate, the Lim Estate and Floyd Taylor, respectfully requests that this Court approve an additional extension to and including July 9, 2014.

Good grounds exist for the requested extension as follows:

1. Plaintiffs served "The Travelers Insurance Company" via Metlife with their Complaint under California Probate Code section 550, pursuant to which "an action to establish decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Such an action shall name the decedent's estate as the defendant but the summons shall be served on the decedent's insurer. Cal. Prob. Code § 552. "Further proceedings shall be in the name of the estate, but shall otherwise be conducted in the same manner as if the action were against the personal representative." *Id.* "The insurer may deny or otherwise contest its liability in an action under this chapter or by an independent action." Cal. Prob. Code § 553.

2. The initial premise of this type of lawsuit is the question of whether the decedent was indeed insured under a potentially applicable insurance policy issued by the insurance company that is served pursuant to Probate Code section 550.

3. Counsel for Travelers in this matter has represented to Plaintiffs' counsel that the Complaint was initially served erroneously on Metlife, a company currently unaffiliated with Travelers, on or about March 10, 2014, and it was not until several weeks later, on or about April 17, 2014, that it reached the intended "Travelers" recipient.

4. Travelers is currently in the process of searching its records for copies of any insurance policy issued to Kathleen N. Taylor, Sam S. Lim or Floyd Taylor that potentially may be applicable in this case. This process includes searching for any policies issued by Travelers

1  various affiliates, with the period at issue in this litigation spanning at least thirty years and dating
2  back more than half a century.  Travelers has been in communication with plaintiffs' counsel to
3  obtain additional information to assist Travelers in its search or otherwise confirm that Travelers
4  indeed provided liability coverage to any of these three Defendants or their predecessors-in-
5  interest.  Communications between Plaintiffs' counsel and Travelers counsel are ongoing at this
6  time.

7       5.   Travelers has requested the additional time to allow both Travelers and Plaintiffs
8  time to further research various avenues for insurance information and, based on the outcome of
9  such research, determine how Travelers will proceed.

10      6.   Travelers represents that it has proceeded with due diligence to promptly search its
11 records and also contact Plaintiffs' counsel to address the preliminary issue of whether Travelers is
12 indeed an insurer of the Taylor Estate, the Lim Estate or Floyd Taylor as contemplated and
13 required under Probate Code section 550, with the hope of reaching a mutual understanding with
14 Plaintiffs' counsel on this issue.  Plaintiffs and Travelers agree that the extension stipulated to and
15 requested herein is warranted.

16      7.   This stipulation is not intended to be a waiver of any rights or defenses by Plaintiffs
17 or Defendants, or by Travelers (of any insurance coverage defenses it may have in connection with
18 this matter), and no estoppel is to result therefrom.  Nothing in this stipulation is an admission by
19 Travelers that Travelers has any obligation, including without limitation any defense and/or
20 indemnity obligation, to the Taylor Estate, the Lim Estate or Floyd Taylor or any other person or
21 entity involved in this matter; nor is it an admission by Plaintiffs that Travelers does not have any
22 such obligation.  Travelers reserves all of its rights and defenses in connection with this matter,
23 including but not limited to the right to contest (i) the issuance of insurance to Kathleen N. Taylor,
24 Sam S. Lim or Floyd Taylor, or their respective estates, and (ii) whether any defense and/or
25 indemnity obligation is owed in this matter.  Plaintiffs reserve all their rights including, without
26 limitation, their right to dispute Travelers position regarding the issuance of insurance and whether
27 any defense and/or indemnity obligation is owed by Travelers in connection with this matter.
28 ///

1  Good cause appearing, by way of stipulation, the parties hereto respectfully request the
2  applicable due date for response to the Complaint be extended to July 9, 2014.
3  **IT IS SO STIPULATED.**

5  Dated: May 16, 2014                    PALADIN LAW GROUP LLP

7                                          By:    /s/John R. Till
8                                               John R. Till
                                                Attorneys for Plaintiffs
                                                RYAN, ANNE and REESE SCHAEFFER

10 Dated: May 16, 2014                    McCLOSKEY, WARING & WAISMAN LLP

13                                         By:    /s/Sonia S. Waisman
                                                Sonia S. Waisman
14                                              Attorneys for The Travelers Indemnity Company,
                                                erroneously served as "The Travelers Insurance
15                                              Company," served under Cal. Probate Code § 550
                                                as alleged insurer of Defendants
16                                              ESTATE OF KATHLEEN N. TAYLOR,
                                                DECEASED; ESTATE OF SAM S. LIM,
17                                              DECEASED; and FLOYD TAYLOR (now
                                                deceased)

19 **IT IS SO ORDERED.**

21 Dated: May 19, 2014

IT IS SO ORDERED
Judge Jon S. Tigar
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA