1  Jordan S. Stanzler (SBN 054620)
   Jeffrey M. Curtiss (SBN 154610)
2  STANZLER LAW GROUP
   2275 East Bayshore Road, Suite 100
3  Palo Alto, CA  94303
   Telephone:  (650) 739-0200
4  Facsimile:  (650) 739-0916

5  Attorneys for Defendants
   GREGORY VILLAGE PARTNERS, L.P. and VPI, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NOTHERN DISTRICT OF CALIFORNIA

10

11

12  RYAN SCHAEFFER, an individual; ANNE        Case No.: 3:13-cv-04358-JST
    SCHAEFFER, an individual; and REESE
13  SCHAEFFER, a minor by and through her      REPLY MEMORANDUM OF POINTS AND
    general guardians Ryan Schaeffer and Anne  AUTHORITIES REGARDING MOTION BY
14  Schaeffer,                                 DEFENDANTS FOR ORDER DENYING
                                               THE APPLICATION FOR GOOD FAITH
15                  Plaintiffs,                SETTLEMENT BY PLAINTIFFS AND
                                               PICCOLO PROPERTIES, L.P.
16             v.

17  GREGORY VILLAGE PARTNERS, L.P., a          DATE: June 26, 2014
    California partnership, et al.,            TIME: 2:00 p.m.
18                                             CTRM. 9, 19ᵗʰ Fl.
                    Defendants.
19
                                               Judge:  Hon. Jon S. Tigar
20

21        Defendants Gregory Village Partners, L.P. and VPI, Inc. ("Gregory Village"), Central

22  Contra Costa Sanitary District (the "District"), M.B. Enterprises, Inc., Massoud Ebrahimi and

23  Bhagdeep S. Dhaliwal (the "MB Defendants"), Chevron U.S.A. Inc., Joseph J. Lee, Moon S. Lim,

24  and Jiewon Lim (collectively, "Defendants") submit this reply memorandum of points and

25  authorities in support of their motion for an order denying the application for good faith settlement

26  submitted by the Plaintiffs Ryan, Anne and Reese Schaeffer (the "Schaeffers") and Piccolo

27  Properties, L.P. ("Piccolo Properties").

28

**INTRODUCTION**

Neither the Schaeffers nor Piccolo Properties have established that the proposed $6,500 settlement is within the ballpark of a reasonable settlement amount. The Schaeffers have repeatedly claimed that this case is worth millions of dollars, yet they are willing to allow Piccolo Properties to settle for far less than 1% of this amount. Neither the Schaeffers nor Piccolo Properties have justified the settlement with credible or convincing evidence or argument. Accordingly, the proposed settlement should be rejected or, at a minimum, the Schaeffers should be responsible for the excess of any amount apportioned to Piccolo Properties above and beyond $6,500 (as discussed *infra* in Section V).

Piccolo Properties' opposition is little better than the initial application. The sole evidence submitted in support of the opposition is a conclusory, self-serving declaration from Carmelo Piccolo, the managing partner of Piccolo Properties. The declaration is unconvincing and should not be credited. The remainder of the opposition blithely dismisses Piccolo Properties' potential liability, which exists even if all of the statements in Mr. Piccolo's declaration are credited. Finally, the opposition fails to address both the potential global liability and apportionment thereof in this action.

At the end of the day the Court is left with no valid basis upon which to evaluate the settlement proposal. Accordingly, for the following reasons, Defendants respectfully request the Court deny the application for good faith settlement between the Schaeffers and Piccolo Properties.

**DISCUSSION**

**I.    THE APPLICATION DOES NOT PROVIDE ADEQUATE EVIDENCE IN SUPPORT OF THE PROPOSED SETTLEMENT**

In their opposition to the instant motion, Piccolo Properties essentially argues that it cannot be held liable under any of the legal theories pled against it, because Plaintiffs will not be able to prove that Piccolo Properties engaged in culpable conduct or that PCE or hazardous waste emissions from their property ended up at the Schaeffers' property. However, as discussed *infra* in Section III, the declaration of Carmelo Piccolo fails to establish any reliable facts regarding the

- 2 -

1    culpability of Piccolo Properties, and as discussed *infra* in Section IV, Piccolo Properties does not
2    submit any evidence regarding causation.

3           Plaintiffs named Piccolo Properties in its causes of action for public and private nuisance,
4    trespass, negligence, intentional infliction of emotional distress, ultra-hazardous activity,
5    declaratory relief, waste, and cost recovery under the Hazardous Substance Account Act
6    ("HSAA"). Piccolo Properties' purported ability to escape all liability under these causes of action
7    is not supported by its papers.

8           For example, under HSAA, potentially responsible parties include current owners of
9    property. *See* Cal. Health & Safety Code § 25323.5(a)(1) (defining a responsible party in terms of
10   42 U.S.C. Sec. 9607(a), which includes "the owner and operator of a vessel or a facility"). Piccolo
11   Properties does not dispute that it is a current property owner. Nor does it dispute that its property
12   is contaminated. And, as stated in the opening brief and reiterated below, Piccolo Properties' claim
13   that its contamination could not possibly have migrated to the Schaeffers' residence, which is
14   based on alleged groundwater flow direction, is completely unsupported by any evidence.

15          In their Fourth Amended Complaint Plaintiffs allege that Piccolo Properties owns property
16   located at 1521-1529 Contra Costa Blvd., and that a gasoline service station formerly operated on
17   that property. (Fourth Amended Complaint ["FAC"], ¶ 11.) Plaintiffs allege that Piccolo
18   Properties "owned and controlled" that property "at the time PCE and other hazardous wastes
19   were handled, generated, transported, disposed of, used, stored and/or released into the
20   environment from the dry cleaning tenants and the service station operations." (*Id.*, ¶ 40.)
21   Plaintiffs allege that Piccolo (along with all other Defendants) failed to "abate" these releases. (*Id.*,
22   ¶ 55.)

23          Piccolo Properties attempts to get around these allegations by claiming that "there is no
24   evidence showing the presence of a dry-cleaning establishment on the property *ever*, or indeed any
25   discharge at any time over the past 35 years." Opposition at 8. But Piccolo Properties fails to
26   provide any evidence to support its claim that there has been no discharge of PCE at the property,
27   nor has it provided any evidence of the actual contamination that exists on the Property, instead of
28   merely speculating **as** to past operations, releases and contaminants.

1    For these reasons, Piccolo Properties has failed to establish that a $6,500 settlement is

2 "within the ballpark" of a reasonable settlement. *Tech-Bilt*, 38 Cal.3d at 499-500; Cal. Civ. Proc.

3 Code § 877.6(d).

4 II.    **THERE HAS BEEN NO APPROXIMATION OF THE COLLECTIVE OR**

5       **INDIVIDUAL LIABILITY OF THE PARTIES TO THIS ACTION**

6       Both the initial application for good faith settlement and the opposition to the instant

7 motion fail to set forth a framework to determine the reasonableness of the proposed settlement

8 with Piccolo Properties. The Schaeffers, contrary to one of the principal *Tech-Bilt* factors, have

9 failed to state "a rough approximation" of their expected total recovery. *See Tech-Bilt*, 38 Cal.3d at

10 499 (the court is to consider "a rough approximation of the plaintiff's total recovery and the

11 settler's proportionate liability"). The best the Schaeffers have done is state that their recovery

12 "could total multiple millions of dollars." (Dkt. No. 77 at p. 7.) Furthermore, neither the

13 Schaeffers nor Piccolo Properties have even attempted to state Piccolo Properties' proportionate

14 liability in percentage terms. *See Abbott Ford, Inc. v. Superior Court*, 43 Cal.3d 858, 879 (1987)

15 (parties to the settlement agreement have the burden of placing a value on the agreement).

16      The same is true for the assignment of claims the Schaeffers will receive from Piccolo

17 Properties under the proposed settlement. Neither the Schaeffers nor Piccolo address the value of

18 this assignment, and Piccolo Properties completely avoids the subject in its opposition brief. *See*

19 *Erreca's v. Sup.Ct. (Calle Ryan Homeowners Ass'n.)*, 19 Cal. App. 4th 1475, 1497 (1993) (the

20 value of the assigned rights should have been set out in the settlement agreement). Accordingly,

21 there is no basis to determine the reasonableness of the settlement amount, as required under *Tech-*

22 *Bilt*. The proposed settlement should therefore be rejected on this basis alone.

23 III.   **THE DECLARATION OF CARMELO PICCOLO FAILS TO SUPPORT THE**

24       **REASONABLENESS OF THE PROPOSED SETTLEMENT**

25      The only evidence in support of Piccolo Properties' attempt to obtain a good faith

26 settlement is the declaration of Carmelo Piccolo, the managing partner of Piccolo Properties. (Dkt.

27 91-1 at 2.) The declaration is threadbare and inadequate. Mr. Piccolo makes several declarative

28 statements about the current and historical use of 1521-1529 Contra Costa Boulevard, without

-4-

1  providing an adequate foundation for those statements. Accordingly, the statements should not be
2  considered as evidence in support of Piccolo Properties' opposition. *See Greshko v. County of Los*
3  *Angeles*, 194 Cal. App. 3d 822, 834 (1987) (conclusory declarations are not competent evidence).

4       Mr. Piccolo claims, *inter alia*: (1) that the rental income from the Property is used to pay
5  for his living expenses as a retiree; (2) he is not aware of a pollution discharge on the Property
6  during the past 35 years, and no dry cleaning business or gas station has operated on the Property
7  during that time; and (3) he was not aware of any existing contamination at the time of the
8  purchase of the Property. Carmelo Piccolo Decl., ¶¶ 2-7 (Dkt. No. 91-1).

9       With respect to Mr. Piccolo's claim that the Property provides for his living expenses as a
10 retiree, Piccolo Properties does not cite to any authority that retirees are entitled to discounted
11 liability or that a person's age or source of income is a relevant factor in approving a good faith
12 settlement application. Assuming, *arguendo*, it is, Mr. Piccolo does not state whether he has any
13 other sources of income for his retirement expenses. It could be the case that he has other
14 retirement income or other assets available to him. The declaration is silent on this point. The
15 opposition brief implies that it would be unfair not to approve the settlement, because the costs
16 "associated with defending this matter are projected to exceed the net monthly income used to pay
17 for Mr. Piccolo's living expenses." (Opposition at 2:24-27.) Again, Piccolo Properties presents no
18 authority that a losing investment reduces the floor of a reasonable settlement amount.

19      With respect to Mr. Piccolo's claims that he is not aware of a pollution discharge on the
20 Property during the past 35 years, and that no dry cleaning business or gas station has operated on
21 the Property during that time, his declaration lacks, again, foundation. For example, while Mr.
22 Piccolo may be unaware of any pollution discharges in the past 35 years, his declaration does not
23 state why this statement is reliable evidence that there were, in fact, no such discharges during this
24 time period. It is unclear what involvement Mr. Piccolo had with the Property over the past 35
25 years, including the extent to which he was on site or oversaw operations. Further, Mr. Piccolo's
26 statements directly contradict Plaintiffs' allegations in their Fourth Amended Complaint ("FAC"),
27 which state that Piccolo Properties "owned and controlled" its property "at the time PCE and other
28 hazardous wastes were handled, generated, transported, disposed of, used, stored and/or released

1    into the environment from the dry cleaning tenants and the service station operations." (FAC, ¶
2    40.) If Plaintiffs' allegations in the FAC were inaccurate, the Good Faith Application should have
3    provided the non-conclusory evidence which purportedly has discredited Plaintiffs' allegations.

4          With respect to Mr. Piccolo's claim that he was not aware of any existing contamination at
5    the time of the purchase of the Property, we are again left guessing as to what, if any, due
6    diligence Mr. Piccolo performed regarding potential contaminants on the Property and what his
7    knowledge of the historical uses of the Property were. The conclusory statement that Mr. Piccolo
8    lacked awareness of contamination should not be credited.

9          Finally, Mr. Piccolo asserts that he tendered claims to all appropriate insurers (although he
10    does not attach these tenders and the associated denial of coverage letters from the relevant
11    insurers). In any event, several of the Defendants are without insurance in this action. Piccolo
12    Properties is not alone on this score.

13    **IV.    PICCOLO PROPERTIES DOES NOT SUBMIT EVIDENCE REGARDING THE**
14           **FLOW OF GROUNDWATER**

15          Piccolo Properties, in its initial application, justified the *de minimis* settlement payment, in
16    part, on an allegation that the flow of groundwater from the Property makes it unlikely that it
17    contributed or is contributing to the contamination at the Schaeffers' property. Neither the
18    Schaeffers nor Piccolo Properties submitted any evidence on this point in their application, nor in
19    their opposition to the instant motion. Moreover, as Defendants have previously noted, the
20    argument is undercut by the fact that part of the purported value of the settlement is Piccolo
21    Properties' assignment of *its* claims against prior owners and operators of its property to the
22    Schaeffers. It is worth noting that the flow of groundwater is a contested issue in this action.

23    **V.    DEFENDANTS DO NOT WAIVE THEIR RIGHT TO INDEMNITY OR**
24           **CONTRIBUTION FROM PICCOLO PROPERTIES**

25          Piccolo Properties does not address its potential indemnity liability to all non-settling
26    defendants. *West v. Superior Court*, 27 Cal.App.4th 1625, 1636-37 (1994). In their initial
27    application, the Schaeffers appear to dismiss this factor because "there have been no cross-
28    complaints filed against Piccolo." The Schaeffers fail to account for the fact that the nonsettling

1   defendants' causes of action for indemnity have not yet accrued. "The cause of action for equitable

2   indemnity accrues when the indemnitee suffers a loss through payment of an adverse judgment or

3   settlement." *Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1139 (N.D. Cal. 2010) (citing

4   *Western Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 110 (1994)). No

5   defendant has yet suffered any loss through payment to the Schaeffers.

6         Defendants obviously object to any waiver of their right to indemnity or contribution from

7   Piccolo Properties. In the event the Court approves the settlement, Defendants therefore request

8   the Court apply the "proportionate share approach" to the Piccolo Properties settlement, applying

9   Section 6 of the Uniform Comparative Fault Act ("UCFA") for the purpose of determining the

10   legal effect of the settlement agreement on the liability of the non-settling defendants. The

11   approach is commonly employed in the Ninth Circuit when a plaintiff is able to settle with fewer

12   than all of the defendants. The issue which arises in these circumstances is how to determine what

13   share of a total assessment of damages a non-settling defendant should pay. There are several

14   methods employed to resolve this issue (*see McDermott, Inc. v. Amclyde*, 511 U.S. 202, 215-17

15   (1994) (explaining the three common approaches)), but the method employed by the Ninth Circuit

16   in actions similar to the instant one (e.g., CERCLA actions) is the proportionate share approach.

17   *See Icicle Seafoods, Inc. v. Baker* (*In re The Exxon Valdez*), 229 F.3d 790, 796 (9th Cir. 2000)

18   (employing proportionate share approach).

19         Under the "proportionate share" approach, the non-settling defendant pays only the amount

20   of the award that is allocable to its share of the fault. *Id*. The *Icicle Seafoods* Court had the

21   following to say about the approach:

22         The main advantage of the proportionate share approach is that it is the only one of
           the three that combines fairness to all parties with an appropriate balance of
23         individual incentives to settle. The effect of proportionate share apportionment,
           however, is that the actual amount of damages the plaintiff receives will deviate
24         from the amount awarded by the jury, unless the amount of the settlement exactly
           matches the settling defendant's share of fault as subsequently determined by the
25         jury. If the jury later determines that the settling defendant's share of fault is less
           than the amount paid in settlement, this will result in a windfall to the plaintiff. If
26         the jury's allocation is higher, this will result in a shortfall.

27       *Id*.

28

1  Therefore, in the event the Court approves the settlement with Piccolo Properties, the court

2  should apply the proportionate share approach for determining the effect of the settlement on the

3  non-settling defendants, so that the Schaeffers assume any shortfall in their recovery that may

4  result from an apportionment of liability to Piccolo Properties in excess of $6,500 at trial.

5  **CONCLUSION**

6  Based on the foregoing, Defendants request the Court deny the proposed settlement

7  between Piccolo Properties and the Schaeffers. In the event the Court approves the settlement,

8  Defendants request that the proportionate share theory of liability be adopted and that any order

9  approving the settlement provide that Section 6 of the UCFA will determine the legal effect of the

10  settlement agreement on the liability of the non-settling defendant so that non-settling defendants

11  are not liable for any subsequent apportionment of liability to Piccolo Properties in excess of

12  $6,500.

13                                        STANZLER LAW GROUP

14

15                                        By: /s/Jeffrey M. Curtiss__
                                              Jeffrey M. Curtiss

16
                                          Attorneys for Defendants GREGORY VILLAGE
17                                        PARTNERS, L.P. AND VPI, INC.

18
                                          ROGERS JOSEPH O'DONNELL
19

20                                        By: /s/ Robert C. Goodman__
                                              Robert C. Goodman
21

22                                        Attorneys for Defendant CHEVRON U.S.A. INC.

23
                                          THE CRONIN LAW GROUP
24

25                                        By: /s/ Alan R. Johnston__
                                              Alan R. Johnston
26

27                                        Attorneys for Defendants JOSEPH J. LEE, MOON S.
                                          LIM, and JIEWON LIM
28

- 8 -

**DEFENDANTS' REPLY MEMORANDUM ISO MOTION FOR ORDER DENYING
APPLICATION FOR GOOD FAITH SETTLEMENT**

BUCHMAN PROVINE BROTHERS SMITH LLP

By: /s/ Connor M. Day
Connor M. Day

Attorneys for Defendants MB ENTERPRISES, INC.,
MASSOUD EBRAHIMI, and BHAGDEEP
S. DHALIWAL

BASSI, EDLIN, HUIE & BLUM LLP

By: /s/ Noel Edlin
Noel Edlin

Attorneys for Defendant CENTRAL CONTRA
COSTA SANITARY DISTRICT

DEFENDANTS' REPLY MEMORANDUM ISO MOTION FOR ORDER DENYING
APPLICATION FOR GOOD FAITH SETTLEMENT

1  PROOF OF SERVICE
   [C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]
2
          I, Sharran L. Rodd, state:
3
          I am a citizen of the United States.  My business address is 2275 E. Bayshore Rd., Suite
4  100, Palo Alto, CA 94303.  I am employed in the City of Palo Alto and County of Santa Clara.  I
   am over the age of eighteen years and not a party to this action.  On the date set forth below, I
5  caused to be served the foregoing document described as:

6  REPLY MEMORANDUM OF POINTS AND AUTHORITIES REGARDING MOTION BY
   DEFENDANTS FOR ORDER DENYING THE APPLICATION FOR GOOD FAITH
7  SETTLEMENT BY PLAINTIFFS AND PICCOLO PROPERTIES, L.P. on the following persons
   in this action by ELECTRONIC SERVICE addressed as follows:
8
   John R. Till, Esq.
9  Paladin Law Group LLP
   1176 Boulevard Way
10 Walnut Creek, CA 94595
   jtill@paladinlaw.com
11
   Noel Edlin, Esq.
12 Erin K. Poppler, Esq.
   My-Linh Thi Le, Esq.
13 Bassi, Edlin, Huie & Blum LLP
   500 Washington Street, Suite 700
14 San Francisco, CA 94111
   nedlin@behblaw.com
15 epoppler@behblaw.com

16 Robert C. Goodman, Esq.
   Kevin Shipp, Esq.
17 Rogers Joseph O'Donnell
   311 California Street
18 San Francisco, CA 94104
   rgoodman@rjo.com
19 kshipp@rjo.com

20 Jack C. Provine, Esq.
   Connor M. Day, Esq.
21 Horace W. Green, Esq.
   Buchman Provine Brothers Smith LLP
22 1333 N. California Blvd., Suite 350
   Walnut Creek, CA 94596
23 jprovine@bpbsllp.com
   cday@bpbsllp.com
24 hgreen@bpbsllp.com

25 Timothy C. Cronin, Esq.
   Alan R. Johnston, Esq.
26 The Cronin Law Group
   744 Montgomery Street, Second Floor
27 San Francisco, CA 94111
   tcronin@crolaw.com
28 ajohnston@crolaw.com

1  X  BY ELECTRONIC SERVICE - I caused the described document to be transmitted from
      my electronic mail address to the service addresses noted herein.

2

3      I declare under penalty of perjury under the laws of the State of California that the
      foregoing is true and correct and that this declaration was executed this date at Palo Alto,
4  California

5

6  Dated: June 9, 2014

7

8                                              Sharran L. Rodd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28