UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PICCOLO PROPERTIES, L.P., et al.,<br><br>    Defendants. | Case No.  13-cv-04358-JST<br><br>**ORDER APPROVING APPLICATION FOR GOOD FAITH SETTLEMENT AND DENYING MOTION TO DENY APPLICATION FOR GOOD FAITH SETTLEMENT**<br><br>Re: ECF Nos. 77, 86 |

Before the Court is Defendant Piccolo Properties, L.P. ("Piccolo") and Plaintiffs' Application for a Good Faith Settlement Determination, and a Motion for an Order Denying Plaintiffs' Application for Good Faith Settlement filed by Defendants other than Piccolo ("Non-Settling Defendants"). The Court will GRANT the Application for Good Faith Settlement and DENY the Motion for an Order Denying the Application.

## I.  BACKGROUND

On April 24, 2014, Plaintiffs and Defendant Piccolo filed a Joint Notice of Settlement and Application for Good Faith Settlement Determination. ECF No. 77. Piccolo and Plaintiffs agreed, pursuant to California Code of Civil Procedure § 877.6 and contingent on this Court's approval, to: (1) a general release of all claims related to Piccolo's property located at 1521-1529 Contra Costa Boulevard in Pleasant Hill, California (the "Property"); (2) the payment to Plaintiffs by Piccolo of $6,500; and (3) an assignment to Plaintiffs of any claims that would accrue to Piccolo if it had remained in the action. Id. at 3.

On May 19, 2014, the Non-Settling Defendants filed a Motion for an Order Denying the Application for Good Faith Settlement. See ECF No. 86. The Non-Settling Defendants contend: (1) that Plaintiffs and Piccolo failed to provide adequate evidence supporting the settlement;

1  (2) failed to identify a rough approximation of Non-Settling Defendants' liability; (3) failed to
2  identify the value of the assigned claims; and (4) that Plaintiffs stated at a February Case
3  Management Conference that their "best day in court" would result in a $15 million recovery and
4  that the settlement amount—$6,500—is not reasonably proportionate to $15 million. Id. at 2.

5  In opposition to the Non-Settling Defendants' motion, Plaintiffs and Piccolo submitted the
6  declaration of Carmelo Piccolo, the managing partner of Piccolo. See ECF No. 91-1. Mr. Piccolo
7  averred in his declaration that: (1) Piccolo purchased the Property in 1979; (2) he uses the net
8  rental income from the Property, as well as the rental income from a second property, to pay his
9  living expenses as a retiree; (3) the total monthly income from the two properties is less than
10 $4,000; (3) during the time that he has owned the Property, no service station or dry cleaning
11 operation has been located there,[1] no pollution has been discharged from the Property, and he is
12 not aware that there was any soil or groundwater contamination at the Property at the time he
13 purchased it; (4) his insurance carrier denied coverage of the defense of this action; and (5) the
14 anticipated fees, costs, and expenses associated with the action are likely to exceed Piccolo
15 Properties' net income. Id.

16 Plaintiffs and Piccolo argue that this evidence supports the application for good-faith
17 settlement, because Plaintiffs will not be able to prove their claims against Piccolo in the absence
18 of sufficient evidence of causation. ECF No. 91 at 7-8. Accordingly, Piccolo's proportionate
19 share of liability is rightfully substantially less than the Non-Settling Defendants' liability. Id.
20 Moreover, according to Plaintiffs and Piccolo, Mr. Carmelo's declaration shows that Piccolo has a
21 limited income and no insurance to cover the defense of this action, let alone any judgment
22 rendered in Plaintiffs' favor. Id. at 8. Thus, even if Plaintiffs were to prevail against Piccolo, they
23 might have difficulty collecting any judgment.[2]

---

[1] Plaintiffs allege in their complaint that the site at issue is contaminated with the products of "dry cleaning, silver plating, gun shop, and furniture stripping operations." ECF No. 1-1 at 4.

[2] It bears mention that Plaintiffs have not submitted any evidence of Piccolo's net worth, nor any evidence of the value of the two properties his partnership owns. Also, while Piccolo states that he uses the income from the two properties to pay his living expenses, he does not state these are his only sources of income or his only assets. See ECF No. 91-1. In that regard, while he states

## II. LEGAL STANDARD

Section 877.6 requires a plaintiff and a settling defendant to have agreed to a good faith settlement.[3]  "Good faith" is determined by applying the following factors:  (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants;" and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 499 (1985) (citation omitted).  The parties seeking denial of the application for good-faith settlement bear the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." Tech-Bilt, 38 Cal. 3d at 499-500.

## III. ANALYSIS

Non-Settling Defendants argue the Court should deny the settlement application because: (1) Piccolo and Plaintiffs have not set forth adequate evidence to show good faith under Tech-Bilt, and (2) the Tech-Bilt factors show the settlement was not made in good faith. ECF No. 86 at 2.[4]

### A. Adequacy of Evidence in Support of Settlement

The Non-Settling Defendants contend that Plaintiffs and Piccolo have not provided

---

that "anticipated monthly attorney fees, expert fees and costs are likely to exceed Piccolo Properties' monthly net income," id. at 3, he does not state that such costs are likely to exceed *his* income.  Based on this evidence, the Court is unable to conclude that Plaintiffs would have difficulty satisfying any judgment against Piccolo.

[3] Section 877.6 applies to this settlement because state-law claims predominate in the action, see Federal Savings & Loan Insurance Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (applying § 877.6 in analogous circumstances), and neither party contests its application.

[4] Non-Settling Defendants also argue that Plaintiffs and Piccolo failed to address Piccolo's potential indemnity liability to the Non-Settling Defendants. ECF No. 86 at 5.  Non-Settling Defendants cite no authority holding that Plaintiffs and Piccolo must do so in these circumstances. In fact, the very purpose of a motion or application for determination of good faith settlement is to bar any claims for indemnity by non-settling tortfeasors. Far W. Fin. Corp. v. D & S Co., 46 Cal. 3d 796, 800 (1988).

3

1  adequate evidence to show the good faith of the settlement, including settlement details.  This
2  argument fails for several reasons.
3        First, the Non-Settling Defendants, not the settling parties, bear the burden of proof on the
4  issue of good faith.  See Cal. Code Civ. Proc. § 877.6(d) ("The party asserting the lack of good
5  faith shall have the burden of proof on that issue.").
6        Second, case law does not require settling parties to identify the settling defendant's
7  percentage share of liability.  Instead, the *court* assigns a rough approximation of plaintiff's
8  potential recovery and the proportionate share of defendant's liability.  West v. Super Ct., 27 Cal.
9  App. 4th 1625, 1635, 1636 (1994) ("One factor to be considered in determining good faith is the
10  *trial court's* rough approximation of the plaintiff's total recovery," and "*the court* is called upon to
11  make a 'rough approximation' of what the plaintiff would actually recover.") (citing Tech-Bilt, 38
12  Cal. 3d at 499)) (emphases added); Horton v. Super. Ct., 194 Cal. App. 3d 727, 735 (1987) ("In
13  determining a settling defendant's equitable proportionate share of liability, the *judge* does not
14  look to the plaintiff's claim for damages; rather, the *judge* tries to determine a 'rough
15  approximation' of what the plaintiff would actually recover if the case should go to trial.") (citing
16  Tech-Bilt, 38 Cal. 3d at 501) (emphases added).  Tech-Bilt established factors for *courts* to use to
17  evaluate whether a settlement is reasonable and entered into in good faith; Plaintiffs and Piccolo
18  did not have to include these numbers in their application for good faith settlement in order to
19  satisfy Tech-Bilt.[5]

---

[5] The Non-Settling Defendants point to Erreca's v. Superior Court, 19 Cal. App. 4th 1475, 1497 (1993), for the proposition that Piccolo and Plaintiffs should have valued, in the settlement, the claims Piccolo assigned to Plaintiffs. ECF No. 92 at 4.  Erreca's is inapposite; the challenge there was to the value the *trial court* placed on the assigned claims.  19 Cal. App. at 1496.  Further, the authorities Erreca's cites conflict on this point.  Compare S. Cal. Gas Co. v. Super. Ct., 187 Cal. App. 3d 1030, 1036 (1986) (holding that the assigned claims should *either* be assigned a value *or* the court should have provided that Non-Settling Defendants would be credited for any recovery by Plaintiffs as to the assigned claims) with Alcal Roofing & Insulation v. Super. Ct., 8 Cal. App. 4th 1121, 1124-25 (1992) (holding that the parties' failure to provide the court with the actual settlement agreement—and thus their failure to identify details that were important to that settlement, including the value of assigned claims—prevented the court from approving the settlement).  Given the apparent conflict in state law, the absence of a valuation of the assigned claims does not prevent this Court from approving the settlement.  Per Southern California Gas, if Plaintiffs recover anything on the assigned claims, that amount will be credited to the Non-Settling

1    Third, at this stage of litigation, hard evidence is sometimes difficult to obtain, and
2 "practical considerations obviously require that the evaluation [of the settlement under Tech-Bilt]
3 be made on the basis of information available at the time of settlement." Abbott Ford, Inc. v.
4 Super. Ct., 43 Cal. 858, 874 (1987). The Court and parties must necessarily speculate somewhat
5 as to the adequacy of the settlement. Tech-Bilt, 38 Cal. 3d at 499 (noting that, in evaluating "bad
6 faith[,] . . . the damages are often speculative, and the probability of legal liability therefor is often
7 uncertain or remote.") (internal citations and quotations omitted). Given the limited information
8 available at this stage of litigation, Plaintiffs and Piccolo identified adequate facts for each
9 applicable Tech-Bilt factor for the Court to evaluate the settlement.

### B.    Application of the Tech-Bilt Factors

Certain Tech-Bilt factors are inapplicable here—i.e., the allocation of settlement proceeds among plaintiffs, and the existence of collusion, fraud, or tortious conduct, which the non-settling Defendants have not alleged—but the other factors point to the conclusion that the proposed settlement is reasonable. The first applicable Tech-Bilt factor is "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability." The non-settling Defendants argue that Plaintiffs' rough approximation of total recovery is $15 million. This estimate was provided in response to a question by the Court at a case management conference as to what Plaintiffs' "best day in court" would be. The figure was, by definition, aspirational. Plaintiffs have stated elsewhere, however, that their expected recovery is in the millions of dollars. See, e.g., ECF No. 1, Ex. A at 40 ($5 million prayer for relief). And as a percentage of Plaintiffs' anticipated $5 million recovery, the Piccolo settlement amount is *de minimis* in relation to Plaintiffs' projected total recovery.

That does not, however, render the settlement inadequate under Tech-Bilt. On the evidence here, it is reasonable to conclude that Piccolo's liability, if any, is also *de minimis*. Piccolo avers that no dry cleaning operation or service station has been operated on the Property in the thirty-five years that he has owned it; that no other hazardous wastes have been discharged

---

Defendants.

5

from the Property during the time he has owned it; and that he had no knowledge of soil or groundwater contamination at the time he purchased the Property. ECF No. 91-1. Moreover, he assigned his claims against the prior owners of the Property—for any contamination of Plaintiffs' property they caused—to Plaintiffs. Given these circumstances, and the lack of any contrary evidence from Non-Settling Defendants, it is reasonable to conclude that Piccolo is responsible for very little, if any, of the alleged harm to Plaintiffs.

The second factor is the amount of the settlement—specifically, whether it is in the "ballpark," given Piccolo's proportionate share of liability and Plaintiffs' approximate recovery. As explained above, while Plaintiffs hope to obtain relief in the millions of dollars, and the Piccolo settlement is a small percentage of that amount, the settlement makes sense in light of what appears to be Piccolo's negligible level of responsibility. Cf. West, 27 Cal. App. 4th at 1635-37 (finding a settlement to be made in good faith, despite the disparity between the settlement amount ($788.20) and the plaintiffs' projected recovery ($500,000-$1,000,000), because the plaintiffs' claims against the non-settling defendant were likely barred by the statute of limitations and thus of minimal or no value).

The third applicable factor—recognition that a settlor should pay less in settlement than after trial—also supports the proposed settlement. See Abbott Ford, 43 Cal. 3d at 875 ("In order to encourage settlement, it is quite proper for a settling defendant to pay less than his proportionate share of the anticipated damages.").

Weighing the applicable factors, the settlement is not so "out of the ballpark" as to be unreasonable.[6]

/ / /

/ / /

/ / /

---

[6] Non-settling Defendants also request that the Court adopt the "proportionate share approach" to apportion liability between the parties. See ECF No. 92. The Non-Settling Defendants raised this argument for the first time in their reply brief. "The district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

## CONCLUSION

For the foregoing reasons, the Application for Good Faith Settlement is GRANTED and the Motion to Deny that application is DENIED.

**IT IS SO ORDERED.**

Dated: August 26, 2014

_____
JON S. TIGAR
United States District Judge