UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>　　　　Defendants. | Case No.  13-cv-04358-JST<br><br>**ORDER ESTABLISHING PROCEDURE FOR RESOLVING DISCOVERY DISPUTE** |

The Court has received the parties' competing submissions regarding their long-simmering dispute[1] over whether defendants Gregory Village Partners, L.P. and VPI, Inc. (collectively, "Gregory Village") are entitled to withhold certain documents based on the attorney-client privilege.  ECF Nos. 102, 103.

The parties represent that Gregory Village's privilege log contains two categories of documents:  documents that Mary Haber, Gregory Village's in-house lawyer, received or wrote ("Haber Documents"), and documents that a communications consultant, Tracy Craig, received or wrote ("Craig Documents").  ECF No. 103 at 2.  The privilege log is 50 pages long, and it contains 1,388 entries covering 27,614 pages.

Before the Court can determine whether any of the documents on the privilege log must be produced, it must know three things:  (1) whether Gregory Village continues to claim privilege as to every item on the log; (2) whether communications involving Tracy Craig are entitled to the protection of the attorney-client privilege or the attorney work product doctrine; and (3) which privilege log entries Plaintiffs dispute.

---

[1] The details of the dispute are set forth in a recent Joint Case Management Statement.  ECF No. 96 at 5-6.

As to the first item, some percentage of the document descriptions on the Gregory Village privilege log has already been shown to be inaccurate. As Gregory Village concedes, after providing its privilege log, it subsequently determined that some of the documents it originally listed on the log were not actually privileged, and produced them. ECF No. 102 at 3; ECF No. 103 at 2. Also, Plaintiffs claim without contradiction that once those documents were produced, it became clear that the descriptions of the documents on the log did not accurately reflect their substance. ECF No. 102 at 3. This fact gives Plaintiffs pause about the accuracy of the remaining log entries.

As to the second item, Gregory Village claims that all of its communications with Tracy Craig are privileged because she "was acting both under the direction of in-house attorney Haber and under the direction of outside attorney [Ed] Firestone." ECF No. 103 at 4. But Gregory Village has not provided sufficient information for the Court to determine whether Gregory Village's position is well-founded.

"A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship *and* the privileged nature of the communication. Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (citations and quotation omitted). In the Ninth Circuit, an in-house attorney's communications with a third party are covered by the attorney-client privilege when that third party is a "functional employee" of the client. Id. at 1159. This Court is not currently able to determine from the materials before it whether communications involving Craig can satisfy the Graf test, or are privileged on some other ground.

The third item is self-explanatory. The Court needs to know if Plaintiffs are challenging fewer than all the entries on the privilege log, and if so, which ones.

The Court concludes that, between the two proposals, Plaintiffs' best gives the Court the information it needs within the foregoing parameters. The Court concludes, however, that Plaintiffs' proposal must be modified in two respects. First, Plaintiffs must be required to identify all the privilege log entries to which it objects. Second, Plaintiffs' suggestion that Gregory Village must establish that Haber Documents, as a category, are privileged seems unnecessary. Ms. Haber

is an in-house lawyer for Gregory Village, so it seems likely that at least some of her communications are privileged.

Accordingly, good cause appearing, the Court now rules as follows:

1. By October 16, 2014, Gregory Village shall review its privilege log to ensure that (a) Gregory Village continues to assert the attorney-client privilege as to each document on the log; and (b) each document description on the log accurately reflects the subject matter of the underlying communication. The privilege log shall be on pleading paper, with the caption of this action, and shall be signed by an attorney of record for Gregory Village. Gregory Village shall serve its privilege log on Plaintiffs by October 16, 2014.

2. By October 20, 2014, if Gregory Village continues to assert that the Craig Documents are privileged, it shall file a brief of not more than 10 pages in length, arguing in favor of the application of the privilege. Gregory Village must also file sufficient factual material in support of the motion to demonstrate that the attorney-client privilege applies. This factual material does not count against the 10-page briefing limit, but must be reasonable in length.

3. By October 27, 2014, Plaintiffs shall notify Gregory Village in writing which privilege log entries Plaintiffs object to, and identify up to 50 entries concerning Haber Documents and 50 concerning Craig Documents.

4. By October 31, 2014, Gregory Village shall lodge with the Court, but not file: (1) a copy of its privilege log, as served on October 16; (2) the notification served on October 27; (3) the documents corresponding to the challenged privilege log entries, clearly labeled for the Court's review; and (4) a CD containing the first three items in pdf format.

5. By November 3, 2014, Plaintiffs shall file an opposition to Gregory Village's October 27 brief.

6. The Court will then determine (1) whether the Craig Documents as a category are privileged, and (2) whether the documents corresponding to the individual challenged privilege log entries are privileged, and issue an order accordingly.

7. The parties shall meet and confer immediately upon receipt of the Court's order to narrow or eliminate their differences regarding the remaining entries. Within 10 days of service of

1  the Court's order, the parties must file a joint notice identifying the number of privilege log entries
2  that remain in dispute, if any, and a proposal for resolving any remaining disputes.  The parties
3  must also request the setting of a case management conference.
4      **IT IS SO ORDERED.**
5  Dated:  October 6, 2014

                                                     _____
                                                            JON S. TIGAR
                                                    United States District Judge