1  John R. Till        SBN 178763    JTill@PaladinLaw.com
   Kirk M. Tracy       SBN 288508    KTracy@PaladinLaw.com
2  PALADIN LAW GROUP® LLP
   1176 Boulevard Way
3  Walnut Creek, CA  94595
   Telephone:    (925) 947-5700
4  Facsimile:    (925) 935-8488

5
   *Counsel for Plaintiffs*
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10  RYAN SCHAEFFER, *et al*,
                                        Case No. 3:13-CV-4358 JST-KAW
11          *Plaintiffs*,
                                        Joint Letter Brief on Discovery Issues –
12          *v.*                        Plaintiffs and Defendant Chevron U.S.A. Inc.

13  GREGORY VILLAGE PARTNERS, L.P., a
    California Partnership, *et al.*
14          *Defendants*.              Hon. Jon S. Tigar
                                       **Trial Date:    February 29, 2016**
15

16

17         The parties met and conferred telephonically prior to the filing of this letter, and have

18  complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding

19  discovery prior to filing this joint letter, as attested hereto by:

20

21  Date:  December 24, 2014          PALADIN LAW GROUP® LLP

22

23          _____
                      /s/
            John R. Till, Esq.
24          Counsel for Plaintiffs

25  Date:  December 24, 2014          ROGERS JOSEPH O'DONNELL, P.C.

26

27          _____
                      /s/
            ROBERT C. GOODMAN
28          Counsel for Chevron U.S.A. Inc.





# PALADIN LAW GROUP® LLP

1176 Boulevard Way
Walnut Creek, CA 94595
Telephone (925) 947-5700
Facsimile (925) 935-8488

San Diego, CA
Santa Barbara, CA
Walnut Creek, CA
Washington, DC

*Generating Attorney*:
John R. Till, Walnut Creek Office
JTill@PaladinLaw.com

December 24, 2014

***Via ECF Electronic Filing***

Hon. Kandis A. Westmore
United States Magistrate Judge
Northern District of California
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

Re:  Joint Letter Brief on Discovery Issues – Plaintiffs and Defendant Chevron U.S.A. Inc.
*Schaeffer v. Gregory Village Partners, L.P., et al.*
United States District Court, N.D. Cal., Case No. 3:13-CV-4358 JST-KAW

Dear Judge Westmore:

This letter serves as a joint discovery letter brief, as required by section 13 of your Standing Order (Revised September 9, 2014), and concerns Defendant Chevron U.S.A. Inc.'s ("Chevron") July 17, 2013, Amended Response to one of Plaintiffs' Form Interrogatories, Set One, propounded on Chevron by plaintiffs Ryan, Anne, and Reese Schaeffer ("Plaintiffs") on February 14, 2013.  Plaintiffs propounded this discovery request, and Chevron responded, while the action was pending in the California Superior Court and prior to the action's removal to the district court.  Chevron's response to Form Interrogatory 15.1 is the only response at issue in this dispute.  A true and correct copy of Plaintiffs' February 14, 2014, Form Interrogatories 15.1, and Chevron's July 17, 2013, Amended Response to Form Interrogatory 15.1 is attached hereto as **EXHIBIT A**.

## A.  <u>Form Interrogatory No. 15.1</u>

Form Interrogatory number 15.1 requests:



Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

    a)   state all facts upon which you base the denial or special or affirmative defense;

    b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

    c)   identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**<u>Plaintiffs' Position on the Issue</u>**

Plaintiffs propounded Form Interrogatories, Set One, on February 14, 2013. Chevron provided responses on March 26, 2013. After meeting and conferring on issues with the responses, Chevron agreed on April 23, 2013, to provide an amended response to Plaintiffs' Form Interrogatory, Set One, Number 15.1 by May 14, 2013. On May 8, 2013, Chevron asked for, and Plaintiffs granted, an extension until May 22, 2013. On May 23, Chevron asked for an extension for amending its responses until June 24, to accommodate a vacation schedule. On June 21, Chevron requested an additional 16 days to provide amended responses to Form interrogatories 1.1, 3.7, 7.1-7.3, and 9.1. On July 8, 2013, Chevron again asked for an additional seven day extension until July 17. Plaintiffs granted these extensions based on professional courtesy, as well as the representation by Chevron's counsel that they needed additional time to address the issues raised during the meet and confer process and to provide an amended response. Despite this extended amount of time, Chevron's Amended Response makes clear that this "need" was merely a delay tactic. Chevron's Amended Response remains non-responsive and incomplete. Chevron replied via letter to Plaintiffs' counsel on September 5, 2013, that it believed that no further amendments were necessary. On September 6, 2013, Plaintiffs submitted a request for a discovery facilitator in state court regarding Chevron's Amended Response, specifically concerning responses to three Form Interrogatories. The case was removed before any further action could be taken. As stated in the September 10, 2014, joint case management statement (Dkt. 96),

Plaintiffs and Chevron submit this letter brief to the Court on the issue. During the process of preparing this joint letter brief Chevron agreed to amend the responses to 2 of the 3 Form Interrogatories, Form Interrogatory 1.1 and Form Interrogatory 3.7. Those two responses are no longer in dispute, and thus only Chevron's response to Form Interrogatory 15.1 remains in dispute. In an October 23, 2014, email exchange, and again on December 1 and December 16, 2014, telephone conference calls, counsel for Chevron indicated they did not intend to further amend Chevron's responses to Form Interrogatory 15.1, except to the extent to remove language incorporating general objections.

First, Chevron's amended response includes an objection based on the meaning of the term "material allegations." *See* exh. A, Chevron's Amended Response, at 5:18-25. Plaintiffs' allegations are not vague and ambiguous and Chevron provides no specificity as to which, if any, of Plaintiffs' allegations it is referring to. Further, Chevron even sets out the appropriate definition of the term, per the California Code of Civil Procedure. Based on that definition, Chevron should amend its response accordingly and provide the relevant evidence supporting its denials of material allegations. Chevron must remove this objection and provide information related to the material allegations in the complaint that they are denying.

As stated in the meet and confer communications with Chevron, for each and every denial and special or affirmative defense, Chevron must first identify each denial and special or affirmative defense, and then, for each denial or special or affirmative defense, state the information requested in subsections (a), (b), and (c). Chevron's amended response still does not comply with the interrogatory. Chevron's response requires Plaintiffs to guess as to which people and which documents support which denial and/or defense. Chevron must provide a response that separates out each denial and defense and provides the information requested in subparts (b) and (c) for each particular denial and defense. General denials are usually not permitted in federal court. *See* FRCP 8.



In addition, Chevron's amended response to 15.1(b) lists Plaintiffs, three people related to Plaintiffs' purchase of their home, "as well as those persons identified in the documents described in (c)." This general statement is non-responsive. Chevron must specifically state, for <u>each</u> denial and/or affirmative defense, which persons it is referring to, and for each person, provide their addresses and telephone number. Further, it is hard to understand how Chevron could assert that not a single Chevron employee or consultant has knowledge of any facts that support its denials or affirmative defenses.

Plaintiffs appreciate Chevron's attempt to add information to 15.1(c), but the response is still insufficient. Chevron must identify the specific documents produced by other parties and by Chevron, and those specific documents in the public record that Chevron bases <u>each</u> denial and/or defense on. Moreover, for each document, Chevron is required to state the name, address, and telephone number of the person who has each document. None of this information was provided, and the response is therefore incomplete.

Finally, based on Chevron's response to subsection (c), it is clear that 15.1(a) is incomplete. If the documents listed support Chevron's denials or affirmative defenses, then the documents must contain facts that support the denials and/or affirmative defenses. These facts must be provided in response to 15.1(a).

Chevron should be compelled to provide further amended responses which fully address these issues.[1]

## Chevron's Position on the Issue

Plaintiffs complain about two aspects of Chevron's response to Form Interrogatory 15.1. First, they

---

[1] Until the December 16, 2014, telephone conference call between counsel for Plaintiffs and counsel for Chevron, no party had previously raised the issue of whether Plaintiffs can compel discovery responses to discovery propounded in State court after the action is removed to federal court. Further, in the September 10, 2014, Joint Case Management Conference Statement submitted to the Court, Chevron stated, in regards to the issues discussed herein, "Chevron will review the letter brief once received from Plaintiffs and will work in good faith to either resolve any remaining issues or to reach an agreement on the language of the brief." Dkt. No. 96, at p.6.



object to the objection that the term "Material Allegation" is vague. And second, they quarrel with the sufficiency of the substantive response. We do not believe that there is any merit to either point.[2]

Interrogatory Number 15.1 seeks information, documents, and witnesses supporting Chevron's denials of Plaintiffs' material allegations and Chevron's special or affirmative defenses. Chevron objected that the term "material allegation" was vague and ambiguous and would require Chevron to guess as to which allegations were "material." Because plaintiffs did not file a verified complaint in the state court, Chevron was entitled to generally deny all allegations. California Code of Civil Procedure Section 431.30. During the meet and confer process plaintiffs did not identify which of the allegations in the 197 paragraph Fourth Amended Complaint they contended were material.

The response stated the factual basis for Chevron's general denial: That there is no evidence that any action by Chevron caused any damage to the plaintiffs, or that chemicals associated with Chevron's activities were present at the plaintiffs' property. (Amended Response, p. 6, lines 23-26.) Chevron identified numerous technical documents that support the position that chemicals from Chevron's activities are not present at plaintiffs' property. (*Id*., p. 20, line 2 to page 21, line 17.)

The response is also complete with regard to Chevron's affirmative defenses. The response separately addresses each of Chevron's 41 affirmative defenses and identifies the facts upon which each affirmative defense is based. The response also specifically identifies the names of witnesses and

---

[2] It should be noted that it is unsettled whether plaintiffs can compel responses to discovery propounded in State court after the action is removed to federal court. *See e.g. Murray v. Atkinson*, 2007 WL 2050815 (E.D. Mich. July 18, 2007) ("This Court may not compel the production of documents which were requested under state law absent an agreement among the parties that state court discovery will be used in, and that the requests already served may be compelled in, the federal proceeding."). To date, there has been no agreement among the parties to this action on that issue.

documents that contain both facts and the identity of persons who have knowledge of those facts. This is all that is called for by the interrogatory.

Federal Rules of Civil Procedure Rule 33(d) specifically provides the option to produce business records in response to propounded interrogatories. (*See Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) [citing former Rule 33(c), which is the same as current Rule 33(d)].) In its response, Chevron identified specific documents "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." (*Id.*) To the extent Plaintiffs' seek additional information not specifically stated in Chevron's response (i.e., the identity of persons with knowledge), that information can be derived from the list of documents provided. The burden of deriving or ascertaining whatever additional information is sought by Plaintiffs is substantially the same for either party. Plaintiffs have had the list of documents provided by Chevron for over one year, and make no claim that they have not had a reasonable opportunity to examine any of the specified documents. Thus, Chevron believes its response to Interrogatory No. 15.1 is sufficient.

Very truly yours,

Date: December 24, 2014          PALADIN LAW GROUP® LLP


_____/s/_____
John R. Till, Esq.
Counsel for Plaintiffs


Date: December 24, 2014          ROGERS JOSEPH O'DONNELL, P.C.


_____/s/_____
ROBERT C. GOODMAN
Counsel for Chevron U.S.A. Inc.

# EXHIBIT A

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John R. Till    SBN 178763
Rebecca L. Davis SBN 271662
Paladin Law Group® LLP
1176 Boulevard Way
Walnut Creek, CA 94595
TELEPHONE NO.: CA 94595
FAX NO. *(Optional):* (925)935-8488
E-MAIL ADDRESS *(Optional):* jtill@paladinlaw.com
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
Contra Costa County Superior Court
Martinez

SHORT TITLE OF CASE: Schaeffer, et al. v Gregory Village Patners, LP, et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| **Asking Party:** Plaintiffs Ryan Schaeffer, Anne Schaeffer and Reese Schaeffer | MSC11-01307 |
| **Answering Party:** Chevron U.S.A., Inc. | |
| **Set No.:** One | |

## Sec. 1.    Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2.    Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3.    Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
        *(DATE)*                              *(SIGNATURE)*

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

FORM INTERROGATORIES—GENERAL

Legal Solutions Plus
Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

### Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0    Identity of Persons Answering These Interrogatories
2.0    General Background Information—Individual
3.0    General Background Information—Business Entity
4.0    Insurance
5.0    *[Reserved]*
6.0    Physical, Mental, or Emotional Injuries
7.0    Property Damage
8.0    Loss of Income or Earning Capacity
9.0    Other Damages
10.0   Medical History
11.0   Other Claims and Previous Claims
12.0   Investigation — General
13.0   Investigation — Surveillance
14.0   Statutory or Regulatory Violations
15.0   Denials and Special or Affirmative Defenses
16.0   Defendant's Contentions Personal Injury
17.0   Responses to Request for Admissions
18.0   *[Reserved]*
19.0   *[Reserved]*
20.0   How the Incident Occurred—Motor Vehicle
25.0   *[Reserved]*
30.0   *[Reserved]*
40.0   *[Reserved]*
50.0   Contract
60.0   *[Reserved]*
70.0   Unlawful Detainer *[See separate form DISC-003]*
101.0  Economic Litigation *[See separate form DISC-004]*
200.0  Employment Law *[See separate form DISC-002]*
       Family Law *[See separate form FL-145]*

### 1.0  Identity of Persons Answering These Interrogatories

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

### 2.0  General Background Information—Individual

☐ 2.1 State:
    (a) your name;
    (b) every name you have used in the past; and
    (c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
    (a) the state or other issuing entity;
    (b) the license number and type;
    (c) the date of issuance; and
    (d) all restrictions.

☐ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
    (a) the state or other issuing entity;
    (b) the license number and type;
    (c) the date of issuance; and
    (d) all restrictions.

☐ 2.5 State:
    (a) your present residence **ADDRESS**;
    (b) your residence **ADDRESSES** for the past five years; and
    (c) the dates you lived at each **ADDRESS.**

☐ 2.6 State:
    (a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
    (b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
    (a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
    (b) the dates you attended;
    (c) the highest grade level you have completed; and
    (d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
    (a) the city and state where you were convicted;
    (b) the date of conviction;
    (c) the offense; and
    (d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

[x] 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[x] 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[x] 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[x] 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

## 13.0 Investigation—Surveillance

[x] 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS,** and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[x] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0 Statutory or Regulatory Violations

[x] 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[x] 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0 Denials and Special or Affirmative Defenses

[x] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0 Defendant's Contentions—Personal Injury

[x] 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**
(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[x] 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.


E-SERVICE
53276977
Jul 17 2013
04:13PM
File & ServeXpress

1    ROGERS JOSEPH O'DONNELL
     Robert C. Goodman (State Bar No. 111554)
2    Ann M. Blessing (State Bar No. 172573)
     D. Kevin Shipp (State Bar No. 245947)
3    311 California Street
     San Francisco, California 94104
4    Tel    415.956.2828
     Fax    415.956.6457
5    *rgoodman@rjo.com, ablessing@rjo.com, kshipp@rjo.com*

6    Attorneys for Defendant
     CHEVRON U.S.A. INC.
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF CONTRA COSTA

11

12   RYAN SCHAEFFER, et al.,              Case No. MSC11-01307

13              Plaintiffs,               **DEFENDANT CHEVRON U.S.A. INC.'S
                                          AMENDED RESPONSE TO
                                          PLAINTIFFS' FORM
14        vs.                             INTERROGATORIES, SET ONE**

15   GREGORY VILLAGE PARTNERS, L.P.,
     et al.,
16
                Defendants.
17

18   PROPOUNDING PARTY:                   Plaintiffs Ryan Schaeffer, Anne Schaeffer,
                                          and Reese Schaeffer
19

20   RESPONDING PARTY:                    Defendant Chevron U.S.A. Inc.

21   SET NO.:                             ONE

22

23        Pursuant to California Code of Civil Procedure ("CCP") §2030.010 *et seq.* of

24   the California Code of Civil Procedure, Defendant Chevron U.S.A. Inc. ("Defendant")

25   responds to Plaintiffs Ryan Schaeffer, Anne Schaeffer and Reese Schaeffer's ("Plaintiffs")

26   Form Interrogatories, Set One.

27

28

# PRELIMINARY STATEMENT

These responses are made solely for the purposes of this pending action. Responses to any interrogatory are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of any statement therein if the response were introduced in court, all of which objections and grounds are expressly reserved and may be interposed at any time of any motion or trial.

These responses are based solely on information presently known to Defendant. Defendant is pursuing its investigation of the facts and law relating to this case and has not completed its discovery or preparation for trial. Defendant has not completed its review and analysis of evidence and documents thus far gathered in the course of discovery.

These responses are made without prejudice to Defendant's right to produce evidence or contentions, or to add, modify, or to otherwise change or amend the responses herein based upon the information hereafter obtained or evaluated, including, but not limited to, information and documents produced by parties to this action, and other witnesses and/or any developments in the law.

Defendant expressly reserves the right to rely at any time, including trial, on information omitted from these responses as a result of mistake, error, oversight, inadvertence, or subsequent discovery.

# GENERAL OBJECTIONS

Defendant makes the following general objections, whether or not separately set forth in response to each form interrogatory, and incorporates each into every response below:

1.      Defendant generally objects to Plaintiffs' use of Form Interrogatories. Form Interrogatories are inappropriate in instances such as here where the "INCIDENT" at issue is not readily identifiable. Moreover, Plaintiffs have failed to attach and serve an appropriate definition of "INCIDENT." Interrogatories using the term "INCIDENT" are

therefore, vague, ambiguous and/or incomprehensible.

2. Defendant objects to every interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, third parties' right to privacy, or other similar privileges and immunities. Defendant has made a diligent and thorough effort to withhold such information from production; therefore, inadvertent disclosure of such information shall not be deemed a waiver of any privilege.

3. Defendant objects to every interrogatory to the extent it seeks proprietary, confidential and/or trade secret information.

4. Defendant objects to every interrogatory to the extent it seeks material obtained or prepared by Defendant or its counsel in anticipation of litigation, in the course of investigating and preparing the defense to this case, or in preparation for trial.

5. Defendant objects to every interrogatory to the extent that it seeks to impose obligations on Defendant beyond those imposed by California Code of Civil Procedure sections 2017 and 2030.

6. Defendant objects to every interrogatory to the extent that it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant objects to every interrogatory to the extent it seeks information beyond the period of limitations applicable to any cause of action filed by Plaintiffs in this action.

8. Defendant objects to every interrogatory to the extent it seeks information already in the possession, custody or control of Plaintiffs, or already in the public domain or otherwise equally available to Plaintiffs.

**FORM INTERROGATORY NO. 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

(a) describe the property;

334570.3

1  its use of the term "INCIDENT."  However, without waiving the foregoing objections and the

2  General Objections which are incorporated herein by this reference and subject thereto,

3  Defendant responds as follows:

4         Not at this time.

5  **FORM INTERROGATORY NO. 15.1:**

6         Identify each denial of a material allegation and each special or affirmative

7  defense in your pleadings and for each:

8         (a)     state all facts upon which you base the denial or special or affirmative

9  defense;

10         (b)     state the names, ADDRESSES, and telephone numbers of all

11  PERSONS who have knowledge of those facts; and

12         (c)     identify all DOCUMENTS and other tangible things that support your

13  denial or special or affirmative defense, and state the name, ADDRESS, and telephone

14  number of the PERSON who has each DOCUMENT.

15  **AMENDED RESPONSE TO FORM INTERROGATORY NO. 15.1:**

16         Defendant objects to this form interrogatory to the extent that it seeks

17  information protected by the attorney-client privilege and/or the attorney work product

18  doctrine. Defendant further objects because this form interrogatory is vague and ambiguous

19  as to the meaning of the term "material allegations."  "Material allegation" is defined in

20  California Code of Civil Procedure Section 431.10, in part, as follows: ". . .  A material

21  allegation in a pleading is one essential to the claim or defense and which could not be

22  stricken from the pleading without leaving it insufficient as to that claim or defense."

23  Defendant is in no position to determine on behalf of Plaintiffs which of the allegations of the

24  complaint Plaintiffs contend are essential to the claim and cannot be stricken without leaving

25  it insufficient as to that claim.  Defendant further objects to this interrogatory on the grounds

26  that it violates the attorney work product doctrine by asking Defendant to identify which

27  allegations are "material."  Further, to the extent the allegations in the Complaint are based

28

upon Plaintiffs' information and belief, their state of mind, and the effect of certain alleged actions, Defendant cannot admit or deny those allegations, and therefore is unable to respond to this interrogatory. Defendant further objects to this interrogatory to the extent that it calls for the premature disclosure of expert opinion or analysis.

Without waiving the foregoing objections and the General Objections which are incorporated herein by this reference and subject thereto, Defendant responds as follows:

(a) Defendant's general denial of the allegations of the unverified Fourth Amended Complaint ("Complaint") is based, in part, on its right to generally deny those allegations pursuant to Code of Civil Procedure section 431.30, thereby placing the burden on plaintiffs to prove each and every element of their causes of action. Defendant has pleaded certain affirmative defenses so as not to be barred from asserting the same at a later date. Because Defendant's investigation into the subject matter of this lawsuit is ongoing, Defendant is not currently aware of all the facts and evidence that support its affirmative defenses. Discovery is continuing and Defendant reserves its right, without obligating itself in any way, to supplement its interrogatory responses to the extent additional, responsive information is subsequently discovered.

Defendant's general denial and affirmative defenses are supported by the following facts, which Defendant states on information and belief: Plaintiffs purchased Plaintiffs' Property in or around May, 2006. Anne Schaeffer and Reese Schaeffer currently reside at Plaintiffs' Property. Ryan Schaeffer has not resided at Plaintiffs' Property since February 6, 2012. Plaintiffs seek abatement of certain chemicals they claim are present on Plaintiffs' Property. Plaintiffs also seek medical monitoring costs based on alleged exposure to all or some of these chemicals. Defendant is not aware of, and Plaintiffs have not identified, any evidence suggesting that any action by Defendant caused the alleged chemicals to become located on Plaintiffs' Property, if those chemicals are in fact present there.

Plaintiffs also seek abatement of certain chemicals in an ill-defined area

referred to as "the Site."  Defendant is not aware of, and Plaintiffs have not identified, property in or around Plaintiffs' Property that requires abatement as the result of any action by Defendant.  Further, Defendant is not aware of, and Plaintiffs have not identified, any facts or evidence suggesting that Plaintiffs have standing to assert claims for any property other than Plaintiffs' Property.  Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## FIRST AFFIRMATIVE DEFENSE

Defendant's First Affirmative Defense, for failure to state facts sufficient to constitute a cause of action, is based on Plaintiffs' failure to identify sufficient facts within the Complaint to legally constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

This affirmative defense states that the Court lacks subject matter jurisdiction over Plaintiffs' first cause of action, brought under Section 6972 of the Resource Conservation and Recovery Act ("RCRA").  The federal district court has exclusive jurisdiction over Plaintiffs' RCRA cause of action.

## THIRD AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs failed to provide Defendant and public entities with a legally sufficient notice as required by RCRA Section 6972(b)(2)(A). The letter Plaintiffs' claim to be a notice pursuant to RCRA Section 6972(b)(2)(A) makes vague and conclusory allegations against a large number of entities and individuals, failing to provide Defendant notice of how, when, or where it purportedly contributed to an actual or potential imminent and substantial endangerment.

## FOURTH AFFIRMATIVE DEFENSE

This affirmative defense states that, to the extent Plaintiffs have incurred alleged costs to address an imminent and substantial endangerment, or threat thereof, those costs are not recoverable under RCRA Section 6972.  To date, Plaintiffs have not identified any recoverable costs.

## FIFTH AFFIRMATIVE DEFENSE

This affirmative defense states that the Plaintiffs' cause of action under RCRA Section 6972 is barred under RCRA Sections 6972(b)(2)(B) and 6972(b)(2)(C) because the responsible public agencies, in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment, have commenced and are diligently prosecuting an action, are engaging in a removal action, have incurred costs and are diligently proceeding with a remedial action, and/or have obtained a court order or issued an administrative order pursuant to which a responsible party is diligently proceeding with a removal action, remedial investigation and feasibility study, or remedial action. The Regional Water Quality Control ("Water Board") has overseen any necessary actions regarding Plaintiffs' Property and the surrounding area. Defendant undertook an investigation and remediation of associated with historical service station operations at 1705 Contra Costa Boulevard between 1986 and 2004 under the oversight of the Water Board. The Water Board issued a no further action letter for the service station on January 14, 2005. The conditions of site closure required annual monitoring of specified constituents, setting "alert thresholds" for those constituents. The annual monitoring has confirmed that the constituents of concern have remained below the alert thresholds. Defendant Gregory Village Partners, L.P. alleges that it investigated Plaintiff's neighborhood beginning in 2009, under the oversight of the Water Board, and installed a system in Plaintiff's Property to address chemicals of concern. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## SIXTH AFFIRMATIVE DEFENSE

This affirmative defense states that Defendant denies that any acts or omissions on its part actually and/or proximately caused or contributed in any manner to any losses or damages for which Plaintiffs seek recovery. Defendant is not aware of, and Plaintiffs have not identified, any evidence suggesting that any acts or omissions on the part of Defendant actually and/or proximately caused or contributed in any manner to any losses or damages for

which Plaintiffs seek recovery.  Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## SEVENTH AFFIRMATIVE DEFENSE

This affirmative defense states that, while expressly denying any liability, Defendant alleges that to the extent Plaintiffs allege that Defendant negligently owned or operated on property that is the subject matter of this action, Defendant owed Plaintiffs no duty of care with respect to its ownership and operations on the subject property.  Defendant is not aware of, and Plaintiffs have not identified, any evidence suggesting that, to the extent Plaintiffs allege that Defendant negligently owned or operated on property that is the subject matter of this action, Defendant owed Plaintiffs a duty of care with respect to its ownership and operations on the subject property.  Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## EIGHTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs' purported claims for relief against Defendant are barred by the doctrine of estoppel.  Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages.  At this early stage of discovery it appears that Plaintiffs were aware of the alleged releases prior to their purchase of the subject property.  Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## NINTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs' purported claims for relief against Defendant are barred by the doctrine of waiver.  Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages.  At this early stage of discovery it appears that Plaintiffs were aware of the alleged releases prior to their purchase of the subject property.  Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

///

## TENTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs' purported claims for relief against Defendant are barred by the doctrine of laches. Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages. In addition, Plaintiffs were aware of the alleged releases prior to their purchase of the subject property in or around May, 2006, but did not file this action until 2011. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## ELEVENTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs' purported claims for relief against Defendant are barred because Plaintiffs have failed to mitigate its damages, if any. Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages. In addition, Plaintiffs were aware of the alleged releases prior to their purchase of the subject property in or around May, 2006, but did not file this action until 2011. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## TWELFTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs' purported claims for relief against Defendant are barred by the doctrine of unclean hands. Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages. In addition, Plaintiffs were aware of the alleged releases prior to their purchase of the subject property in or around May, 2006, but did not file this action until 2011. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## THIRTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that the causes of action which Plaintiffs have attempted to state are barred by the applicable statutes or periods of limitation, including but

not limited to Business & Professions Code section 17208 and California Code of Civil Procedure §335 through §349.4 including, without limitation, sections 337, 338, 338.1, 339, 340 and 343. Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages. Plaintiffs were aware of the alleged releases prior to their purchase of the subject property in May, 2006, but did not file this action until 2011. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### FOURTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs have failed to name as defendants parties indispensable to the just and complete adjudication of Plaintiffs' claims. Plaintiffs have repeatedly identified parties not named in the Complaint who they contend contributed to the damages that they claim to have suffered. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### FIFTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that if hazardous substances, hazardous wastes, wastes, or solid wastes, are present on or beneath the properties which are the subject of this action, such substances and wastes do not substantially or permanently interfere with Plaintiffs' use and enjoyment of the property. Defendant is not aware of, and Plaintiffs have not identified, any evidence suggesting that Plaintiffs' use and enjoyment of any property has been substantially or permanently interfered with. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### SIXTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that if hazardous substances, hazardous wastes, wastes, or solid wastes are present on or beneath the properties which are the subject of this action, such substances and wastes are not abatable at a reasonable cost and in a reasonable manner. Defendant is not aware of, and Plaintiffs have not identified, any evidence suggesting that there is a nuisance or trespass at the subject property and, if there is, that it

can be abated at a reasonable cost and in a reasonable manner. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs lack standing to sue Defendant on behalf of the general public. Plaintiffs have identified no facts to support their purported belief that they have standing to bring any causes of action against Defendant on behalf of the general public.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that at all times relevant to the matters alleged in the Complaint, Defendant acted with due care and in accordance with all then-applicable industry standards, and statutory and regulatory requirements. Defendant is not aware of, and Plaintiffs have not identified, any evidence that Defendant did not act with due care and in accordance with all then-applicable industry standards, and statutory and regulatory requirements. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## NINETEENTH AFFIRMATIVE DEFENSE

This affirmative defense states that Defendant has satisfied, fulfilled and performed each and every obligation and duty imposed by law or contract to the full extent of its responsibility. Defendant is not aware of, and Plaintiffs have not identified, any evidence that Defendant has not satisfied, fulfilled and performed each and every relevant obligation and duty imposed by law or contract to the full extent of its responsibility. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## TWENTIETH AFFIRMATIVE DEFENSE

This affirmative defense states that the Plaintiffs assumed the risk of the damages they claim in this action. Plaintiffs have not identified evidence that Defendant caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their alleged damages. Plaintiffs were aware of the alleged releases prior to their purchase of the

subject property in May, 2006. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs are not entitled to any relief whatsoever from Defendant under their Complaint and each claim for relief set forth therein, as Plaintiffs' damages herein, if any, were not caused by any action or inaction on the part of Defendant or its agents. Plaintiffs have presented no evidence that Defendant caused any of the damages that Plaintiffs allege they have suffered. Defendant is not aware of, and Plaintiffs have not identified, property in or around Plaintiffs' Property that requires abatement as the result of any action by Defendant. Further, Defendant is not aware of, and Plaintiffs have not identified, any facts or evidence suggesting that Plaintiffs have standing to assert claims for any property other than Plaintiffs' Property. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal that, under comparative negligence law and equity, any recovery by Plaintiffs on their claims against Defendant must be reduced in an amount equivalent to the harm and damage caused by Plaintiffs and others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This affirmative defense states that the intentional, negligent and/or other acts or omissions of persons and entities other than Defendant, and over whom Defendant exercised no control, were intervening and/or supervening causes of the harm and damages allegedly incurred by Plaintiffs, thereby eliminating or lessening any harm allegedly caused by Defendant. Plaintiffs have repeatedly alleged that the intentional, negligent and/or other acts or omissions of the owners and operators of the dry cleaning businesses and other businesses near the subject property, over whom Defendant exercised no control, caused the harm and damages allegedly incurred by Plaintiffs. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This affirmative defense states that in the event Defendant is held responsible, in whole or in part, for any costs or damages to which Plaintiffs are entitled, and affirmative relief is granted against Defendant, then Defendant's liability is limited to the proportion of its contribution to any alleged release or disposal of hazardous substances, hazardous wastes, wastes, or solid wastes, or other activity or omission, causing harm to Plaintiffs. Plaintiffs have repeatedly alleged that other parties, namely the owners and operators of dry cleaning businesses and other businesses near the subject property caused the damages that Plaintiffs allege to have suffered and, at the same time, Plaintiffs have never identified any facts showing that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal that if Plaintiffs are able to establish that Defendant should be held responsible, in whole or in part, for any costs or damages to which Plaintiffs are entitled, that Defendant's liability is limited to the proportion of its contribution to any alleged release or disposal of hazardous substances, hazardous wastes, wastes, or solid wastes, or other activity or omission, causing harm to Plaintiffs. As stated above, Plaintiffs have not presented any evidence that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal that if Plaintiffs are able to establish that Defendant should be held responsible, in whole or in part, for any costs or damages to which Plaintiffs are entitled, Plaintiffs cannot recover from Defendant more than Defendant's fair, equitable and proportionate share of the damages, if any, sought by Plaintiffs' and Defendant's liability, if any, should be proportionate to its contribution to the total alleged harm or endangerment resulting in such damages. As stated above, Plaintiffs

have not presented any evidence that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal Defendant's liability, if any, for non-economic damages should be pro rated pursuant to California Civil Code section 1431.2. As stated above, Plaintiffs have not presented any evidence that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal that in the event that it is compelled to contribute funds toward the cleanup of the subject property, thus increasing the value of the property, Defendant is entitled to an equitable lien upon the property by reason of having contributed to such increase in value. As stated above, Plaintiffs have not presented any evidence that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This affirmative defense states that Plaintiffs are not entitled to the recovery of attorneys' fees with respect to any of Plaintiffs' claims. Plaintiffs have not asserted any viable theories for recovery of attorneys' fees or any facts that would support such a recovery. Further, as stated above, Plaintiffs have not presented any evidence that Defendant caused or contributed to any of Plaintiffs' alleged damages. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs have stated a desire for injunctive relief but have not identified facts or evidence suggesting their remedies at law are inadequate. Further, as stated above, Plaintiffs have not presented any evidence that Defendant caused or contributed to any of

1  Plaintiffs' alleged damages.  Defendant's investigation and discovery relating to Plaintiffs'

2  claims are continuing.

3  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

4  This affirmative defense states that Plaintiffs' request for declaratory relief is

5  barred because Plaintiffs have adequate remedies at law, and/or other available forms of

6  relief.  Plaintiffs have not identified facts or evidence suggesting an entitlement to declaratory

7  relief against Defendant.  Further, as stated above, Plaintiffs have not presented any evidence

8  that Defendant caused or contributed to any of Plaintiffs' alleged damages.  Defendant's

9  investigation and discovery relating to Plaintiffs' claims are continuing.

10  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

11  This affirmative defense states that Plaintiffs, at all times, had actual and/or

12  constructive knowledge of the circumstances on which the FAC is based, and that Plaintiffs

13  consented to those circumstances.  Plaintiffs have not identified evidence that Defendant

14  caused or contributed to the alleged release of chemicals that Plaintiffs assert caused their

15  alleged damages.  Plaintiffs were aware of the alleged releases prior to their purchase of the

16  subject property in May, 2006.  Defendant's investigation and discovery relating to Plaintiffs'

17  claims are continuing.

18  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

19  This affirmative defense states the legal principal that if Defendant is held

20  liable to Plaintiffs, then it is entitled to an equitable set-off and a set-off under Code of Civil

21  Procedure section 431.70.  As stated above, Plaintiffs have not presented any facts supporting

22  its claim that Defendant has any liability in this matter.  Defendant's investigation and

23  discovery relating to Plaintiffs' claims are continuing.

24  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

25  This affirmative defense states that any obligation Defendant owed to Plaintiffs

26  has been satisfied, released or otherwise discharged.  Plaintiffs have not identified evidence

27  that Defendant owes an obligation to Plaintiffs or that Defendant caused or contributed to the

28

alleged release of chemicals that Plaintiffs assert caused their alleged damages. Plaintiffs were aware of the alleged releases prior to their purchase of the subject property in May, 2006. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

This affirmative defense states that the claims contained in the Complaint cannot be pursued by Plaintiffs in the public interest because federal and state agencies, including the Water Board, which has overseen any necessary actions regarding Plaintiffs' Property and the surrounding area, have primary and/or exclusive jurisdiction over the matters which are the subject of Plaintiffs' Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

This affirmative defense states the legal principal that, to the extent Plaintiffs purport to seek relief on behalf of the general public who have suffered no damages, the Complaint and each of its claims for relief therein violate Defendant's right to due process under the California and United States Constitutions. As stated above, Plaintiffs have not presented any facts supporting its claim that Defendant has any liability in this matter. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This affirmative defense states that the Complaint and the causes of action and claims for relief asserted therein fail to allege facts sufficient to state a claim for punitive damage, and at no time did Defendant act with malice, oppression or fraud. In previous iterations of the Complaint, Plaintiffs appeared to be seeking punitive damages from Defendant. The causes of action and claims for relief asserted therein failed to allege facts sufficient to state a claim for punitive damage, and at no time did Defendant act with malice, oppression or fraud. In the operative Complaint, Plaintiffs only seek punitive damages against Gregory Village Partners, L.P. and related entities.

///

///

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This affirmative defense states that the Complaint, and each cause of action therein, is barred because Defendant's actions at all times were justified and the commercial benefit to the public rendered by Defendant's actions outweighs the alleged injuries, if any. Defendant is not aware of, and Plaintiffs have not identified, any evidence that any relevant actions Defendant took were not at all times justified and providing a substantial commercial benefit to the public. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This affirmative defense states that, if, as Plaintiff alleges, Defendant is responsible for the release or disposal of hazardous substances, hazardous wastes, wastes, or solid wastes that are present on or beneath the properties which are the subject of this action, such release or disposal was *de minimis*. At this time, Defendant is not aware of any evidence that it is responsible for any release or disposal of hazardous substances, hazardous wastes, or solid wastes, as alleged in the Complaint. Defendant reserves its right to establish that if any release or disposal occurred, as alleged in the Complaint, such release or disposal was *de minimis*. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## FORTIETH AFFIRMATIVE DEFENSE

This affirmative defense states that the costs incurred or to be incurred by Plaintiffs were not necessary and consistent with the requirements of the National Contingency Plan, and therefore may not be recovered from Defendants. Plaintiffs have identified no costs they have incurred or will incur that were necessary and consistent with the requirements of the National Contingency Plan, nor have Plaintiffs identified facts suggesting that they could recover any costs from Defendant. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## FORTY–FIRST AFFIRMATIVE DEFENSE

This affirmative defense states that the alleged releases or threat of releases of a

hazardous substance and any damage resulting therefrom, if any, were caused solely by (i) an act of God; (ii) a third party other than one of Defendant's employees or agents, or a third party other than one whose act or omission occurred in connection with a contractual relationship with Defendant; or (iii) any combination of the foregoing. Defendant is not aware of any evidence suggesting that it is responsible for the releases or threats of releases of hazardous substances, as alleged in the Complaint. Defendant reserves its right to establish, that if any such release or threat of release occurred, as alleged in the Complaint, the alleged releases or threat of releases of a hazardous substance and any damage resulting therefrom were caused solely by (i) an act of God; (ii) a third party other than one of Defendant's employees or agents, or a third party other than one whose act or omission occurred in connection with a contractual relationship with Defendant; or (iii) any combination of the foregoing. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

## **FORTY–SECOND AFFIRMATIVE DEFENSE**

This affirmative defense states state the alleged releases or threat of releases of hazardous substances, if any, occurred on or before January 1, 1982, and were not in violation of existing state or federal laws at the time they occurred. Defendant is not aware of any evidence suggesting that a release or threat of release of hazardous substances occurred, as alleged in the Complaint. Defendant reserves its right to establish, it any release or threat of release did occur, as alleged in the Complaint, it occurred on or before January 1, 1982, and was not in violation of existing state or federal laws at the time they occurred. Defendant's investigation and discovery relating to Plaintiffs' claims are continuing.

(b) Defendant's investigation and discovery relating to Plaintiffs' claims are continuing, but at this early stage of discovery Defendant is informed and believes that the following persons may have knowledge of these facts, as well as those persons identified in the documents described in (c) below: Plaintiffs Ryan Schaeffer, Anne Schaeffer, and Reese Schaeffer; Gretchen Scheid, Alain Pinel Realtors; Carol Wallace, former owner of Plaintiffs'

Property; Scott Roecklein, JCP Geologists; Western Home Inspection.

(c) Defendant's general denial and affirmative defense are based upon documents produced by Defendant and the other parties in this action, documents produced by non-parties pursuant to subpoenas, any and all public records pertaining to the properties at issue in this lawsuit, including but not limited to: Terradex, Closure Request, Chevron Service Station 9-6817, 1705 Contra Costa Boulevard, September 13, 2004; Terradex, Closure Request – Supplemental Information, October 13, 2004; Letter from Bruce H. Wolfe, Executive Officer, California Regional Water Quality Control Board, San Francisco Bay Region, Underground Storage Tank (UST) Case Closure for 1705 Contra Costa Boulevard, Pleasant Hill, Contra Costa County UST Case No. 07-0437, January 14, 2005; Conestoga-Rovers & Associates, Additional Site Investigational Report and Site Conceptual Model, Chevron Service Station 96817, 1705 Contra Costa Boulevard, Pleasant Hill, California, March 2, 2012; Conestoga-Rovers & Associates, Response to Erler & Kalinowski, Inc., Comments on Additional Site Investigational Report and Site Conceptual Model, August 20, 2012; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 5/05/05; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 07/06/06; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 06/21/07; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 06/28/08; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 06/19/09; Gettler-Ryan, Groundwater Monitoring & Sampling Report, 06/17/10; Conestoga-Rovers & Associates, Annual Groundwater Monitoring & Sampling Report, 07/25/11; Conestoga-Rovers & Associates, Annual Groundwater Monitoring & Sampling Report, July 18, 2012; Conestoga-Rovers & Associates, Annual Groundwater Monitoring & Sampling Report, June 10, 2013; JCP Geologists, The JCP EnviroCheck Disclosure Report, Property Address: 95 Cynthia Drive, March 8, 2006; Western Home Inspection, Home Inspection Report #06050908, For the Property Located at: 95 Cynthia Drive, Pleasant Hill, CA, May 9, 2006 (date of inspection) Summit, Phase I Environmental Site Assessment re Gregory Village Mall, 05/27/97; Clayton, Limited Phase II Investigation re Gregory Village Mall, 08/05/97;

Clayton, Limited Subsurface Investigation re Gregory Village Mall, 09/26/97; Vista, Site Assessment Plus Report (no report or cover) re Gregory Village Mall, 05/10/99; ACC, Site Summary re P&K, 06/28/02; RWQCB, Approval of 10/07/05 "Offsite Monitoring Well Installation Workplan," re P&K, 12/19/05; AllWest, 3rd Quarter 2007 Quarterly Groundwater Monitoring Report re Gregory Village Mall, 10/18/07; AllWest, Subsurface Investigation & Monitoring Well Installation Report: MW-10 & 11 re Gregory Village Mall, 01/16/08; AllWest, 4th Quarter 2007 Quarterly Groundwater Monitoring Report re Gregory Village Mall, 01/17/08; AllWest, Workplan – Soil Gas Investigation re Gregory Village Mall, 03/12/08; AllWest, 1st Quarter 2008 Quarterly Groundwater Monitoring Report re Gregory Village Mall, 03/28/08; AllWest, 3rd Quarter 2008 Quarterly Groundwater Monitoring Report re Gregory Village Mall, 09/26/08; AllWest, Remedial Action Plan re P&K, 10/31/08; AllWest, 4th Quarter 2008 Quarterly Groundwater Monitoring Report re Gregory Village Mall, 12/22/08; EKI, Interim Remedial Measures Pre-Design Investigation Report with 01/25/10 Approval Letter re P&K, 09/01/09; EKI, On-Site Sub-Slab Vapor Sampling Report and Work Plan for Sub-Slab Depressurization System, 06/29/10; RWQCB Conditional Approval Letter, 01/24/11; RWQCB, Approval of Work Plan for Sub-Slab Depressurization System re 95 Cynthia Drive, 12/03/10.  All of these documents are equally available to the Plaintiffs.

Dated:  July 17, 2013                    ROGERS JOSEPH O'DONNELL


                                         By: ___/s/ D. Kevin Shipp___
                                             D. KEVIN SHIPP
                                         Attorneys for Defendant
                                         CHEVRON U.S.A. INC.

DEFENDANT CHEVRON'S AMENDED RESPONSE TO PLAINTIFFS' FORM  INTERROGATORIES, SET ONE

334570.3