UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>    Defendants. | Case No. 13-cv-04358-JST   (KAW)<br><br>**ORDER REGARDING DECEMBER 24, 2014 JOINT LETTER BRIEF**<br><br>Re: Dkt. No. 133 |

On June 1, 2011, Plaintiffs Ryan, Anne, and Reese Schaeaffer ("Plaintiffs") commenced this action in Contra Costa Superior Court. (Notice of Removal ¶ 1, Dkt. No. 1.) The case was removed to federal court on September 19, 2013 and referred to the undersigned for discovery purposes on November 20, 2014. (*Id.*; Order of Referral, Dkt. No. 123.)

In the operative complaint, Plaintiffs allege that they have been adversely affected by toxic contamination "flowing under and into their home." (4th Am. Compl. ¶ 1, Dkt. No. 1-1.) Chevron USA, Inc. ("Chevron") is one of the entities that owned and operated a nearby service station, which Plaintiffs identify as one source of the alleged contamination. (*Id.* ¶¶ 10, 32.)

In the joint letter filed on December 24, 2014, Plaintiffs dispute the sufficiency of Chevron's amended responses, dated July 17, 2013, to Form Interrogatory 15.1. (Joint Ltr., Dkt. No. 133.) Form Interrogatory 15.1 reads:

> Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
> (a) state all facts upon which you base the denial or special or affirmative defense;
> (b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
> (c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

(Joint Ltr., Ex. A.)

Plaintiffs argue that Chevron's amended responses are insufficient. Specifically, Plaintiffs challenge Chevron's objection to the interrogatory on the ground that the term "material allegation" is vague and ambiguous. (Joint Ltr. at 3.) They contend that Chevron sets out an appropriate definition of the term in accordance with California Code of Civil Procedure section 431.10, and based on that definition, Chevron should amend its responses accordingly. *(Id.)* They also assert that general denials are not usually permitted in federal court. *(Id.)*

As Chevron argues, Plaintiffs did not file a verified complaint in state court, and as a result, Chevron was entitled to generally deny all allegations. *See* Cal. Civ. Proc. Code § 431.30(d). While Plaintiffs assert that general denials are not usually permitted in federal court, Chevron filed its answer to the operative complaint before the action was removed. Plaintiffs offer no authority for the proposition that Chevron must now re-file an answer that conforms to the Federal Rules of Civil Procedure or that it must provide discovery responses as if it had filed its answer in federal court. *Cf.* William Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:23195 (2014) ("Moreover, filing an answer in state court may be advantageous where state law permits general denials (federal rules usually require more specific responses; *see* ¶ 8:935 ff.). No new responsive pleading will be required after removal."). Thus, to the extent Plaintiffs challenge the sufficiency of Chevron's responses on this ground, their argument fails.

For these same reasons, Plaintiffs' argument that Chevron has not identified each denial of a material allegation is also misguided, as is Chevron's objection that the term "material allegation" is vague and ambiguous. A general denial permits a litigant to avoid providing such specificity in its answer. Accordingly, Chevron need not "[i]dentify each denial of a material allegation" in its Answer where it has provided a single general denial.

Plaintiffs' remaining arguments primarily concern Chevron's failure to respond to Form Interrogatory 15.1 in the format Plaintiffs' have specified, i.e., by providing the information requested in subparts (a), (b), and (c). (Joint Ltr. at 3.) Plaintiffs contend that Chevron's responses "require[] Plaintiffs to guess as to which people and which documents support which denial and/or

2

defense." *(Id.)* The Court agrees that Chevron has not fully responded to Form Interrogatory 15.1. It shall, therefore, provide amended responses that include all of the information requested in the interrogatory, including each affirmative defense and the information requested in each subpart of Interrogatory 15.1 pertaining to each affirmative defense identified.

If, after Chevron has provided its amended responses, the parties decide to file a further joint letter with the Court, Plaintiffs shall be sure to identify specific deficiencies in the response provided for each affirmative defense at issue. The parties shall also include a proposed compromise, as to each response at issue, in any future filing. *See* General Standing Order ¶ 13 ("[T]he parties shall draft and file a jointly signed letter . . . that contains . . . [w]ith respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority."). The parties may file a further joint letter only after meeting and conferring to sufficiently narrow their discovery dispute to only those responses which are truly at issue.

**IT IS SO ORDERED**.

Dated: 01/23/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge