UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY VILLAGE PARTNERS, L.P., et al., <br><br> Defendants. | Case No. 13-cv-04358-JST <br><br> **ORDER APPROVING APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION** <br><br> Re: ECF No. 152 |

Before the Court is Defendant Central Contra Costa Sanitary District ("District") and Plaintiffs' Application for a Good Faith Settlement Determination. ECF Nos. 152, 158. Defendants other than the District ("Non-Settling Defendants") oppose the application. ECF No. 188. The Court will grant the District and Plaintiffs' application and find that the settlement was made in good faith.

**I.  BACKGROUND**

On February 19, 2015, Plaintiffs and the District filed a Joint Notice of Settlement and Application for Good Faith Settlement Determination. ECF Nos. 152, 158. The Plaintiffs and District agreed, pursuant to California Code of Civil Procedure section 877.6 and contingent on this Court's approval, to a general release of all claims related to the District in this action in exchange for the District's settlement payment of $50,000 to Plaintiffs. ECF No. 186, Ex. 1 (settlement agreement and release of claims).

In support of the motion, the settling parties justify the relatively modest size of their settlement by the lack of evidence that the District caused the environmental harm that Plaintiffs have alleged. They point in particular to the determination of the California Regional Water Quality Control Board ("Water Board") that there was insufficient evidence to name the District as a discharger in the clean-up orders for the site at issue here. See, e.g., ECF No. 152 at 1. The

1  District's Tentative Orders concluded that "there is insufficient data to assert that a discharge from
2  [the District's] sewer lines resulted in the contamination at issue," and further concluded that the
3  District "is not an appropriate discharger because the sewer lines in the Gregory Village area of
4  Pleasant Hill are in good condition."  ECF No. 155-1 (Water Board Cleanup Team Staff Report,
5  July 2, 2014) at 12-13.  As a result of that determination, the Water Board's final order does not
6  mention the District.  ECF No. 155-4 (Regional Water Board Order No. R2-2014-0042, adopted
7  Nov. 12, 2014).

8  The Non-Settling Defendants oppose the application for a good-faith settlement
9  determination.  ECF No. 188.[1]  They contend that:  (1) the District provided insufficient, false, or
10 misleading evidence in support of the settlement; (2) the District's liability is at least equal to that
11 of Non-Settling Defendants; and, therefore, (3) the settlement is unreasonable because it is
12 "outside the ballpark" of the District's projected liability.  Id. at 1-3.

13 **II.  LEGAL STANDARD**

14 Section 877.6 of the California Code of Civil Procedure permits a plaintiff and a settling
15 defendant to submit to the court an application for determination of good faith settlement.[2]  "Good
16 faith" is determined by applying the following factors:  (1) "a rough approximation of plaintiffs'
17 total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement";
18 (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should
19 pay less in settlement than he would if he were found liable after trial"; (5) "the financial
20 conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion,
21 fraud, or tortious conduct aimed to injure the interests of nonsettling defendants."  Tech-Bilt Inc.

---

[1] The Non-Settling Defendants have also asked the Court to take judicial notice of two petitions to the State Water Resources Control Board that challenge the Water Board's finding that the District is not a discharger of the contamination at issue in this action.  See ECF No. 190 & Exs.  These court filings are public records, which are generally subject to judicial notice under Federal Rule of Evidence 201.  See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  The Court takes notice of them.

[2] Section 877.6 applies to this settlement because state-law claims predominate in the action, see Federal Savings & Loan Insurance Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (applying section 877.6 in analogous circumstances), and neither party contests its application.

v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 499 (1985) (citation omitted).  The parties seeking denial of the application for good-faith settlement bear the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute."  Id. at 499-500; see also Cal. Code Civ. Proc. § 877.6(d).

## III. ANALYSIS

### A. Adequacy of Evidence in Support of Settlement

Non-Settling Defendants argue the Court should deny the motion for settlement approval because the District provided insufficient, false, or misleading evidence upon which the Court cannot make an informed opinion about the adequacy of the proposed settlement.  ECF No. 188 at 2.  Specifically, Non-Settling Defendants argue that the District submitted two "threadbare" declarations that "lack foundation," and that the Water Board "failed to follow well-established law" in determining the District was not a discharger.  Id. at 2, 7.

To support denial of a good-faith settlement determination, Non-Settling Defendants bear the burden of proof on the issue of good faith.  See Cal. Code Civ. Proc. § 877.6(d) ("The party asserting the lack of good faith shall have the burden of proof on that issue.").  Non-Settling Defendants do not present evidence of the District's lack of good faith, but instead attempt to challenge the Water Board's finding that the District is not a discharger.[3]  See ECF No. 188 at 3-6.  The Water Board has already evaluated this evidence and its orders explain why the evidence does not support the conclusion that the District is a discharger.[4]  See ECF No. 155-1, Ex. A, ECF No.

---

[3] Specifically, Non-Settling Defendants claim the District failed to meaningfully restrict release of PCE and PCE-laden wastewater to its sewer conveyance system and negligently maintained its sewer conveyance system during the period at issue.  ECF No. 188 at 2-4.  In support of their contentions, Non-Settling Defendants point to:  (1) data on the District's PCE discharge regulations from 1965-1991 that indicate the District did not completely prohibit any concentration of PCE in wastewater until 2007; (2) a 1977 District sewer inspection report describing the sewer adjacent to the property as "in very poor shape has lots of cracks"; and (3) Gregory Village's petition for review of the Water Board order.  ECF No. 188 at 3, 5, 7.

[4] In its report, the Water Board notes, "A 'Daily Maintenance Report' describes the condition of . . . a line at the tee connection . . . as 'in very poor shape has lots of cracks[,]'" ECF No. 155-1, Ex. A at 15; and "[p]rior to 2007, [the District] allowed for PCE to be discharged to the sanitary sewer within specified limits.  For example, Ordinance No. 99 . . . allowed the discharge of 'Total Identifiable chlorinated Hydrocarbons' to sanitary sewers at a concentration not exceeding 0.002 mg/L for '50% of time' and not exceeding 0.004 mg/L for '10% of time,'" id. at 16.  In its

3

155-2, Ex. B. Non-Settling Defendants nonetheless ask the Court to reject the settlement on the ground that the Water Board erred in its factual findings. This argument is unpersuasive.

The Water Board reached its determinations after a thorough review of the evidence and extensive deliberation. See ECF No. 155 (Declaration of Erin Poppler) ¶¶ 14-19, Exs. A-D. Its findings were within its area of expertise. The U.S. Supreme Court has recognized that factual determinations by administrative bodies are binding in subsequent and related judicial actions. See Univ. of Tenn. v. Elliot, 478 U.S. 788, 799 (1986) (holding federal courts must give preclusive effect to an agency's factfinding when a state agency "acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had adequate opportunity to litigate . . . .") (citations omitted); e.g., United States v. Utah Constr. & Mining Co., 384 U.S. 394, 421-22 (1966) (holding that the factfinding of the Advisory Board of Contract Appeals was binding in a subsequent action in the Court of Claims involving a contract dispute between the same parties). While the current case is not an appeal of the Water Board's decision, the foregoing principles counsel that its findings are entitled to significant weight in evaluating the good faith of a settlement.

Non-Settling Defendants also urge the Court to disregard the Water Board's order because Gregory Village has petitioned for review of that order, so its findings are not final. At this stage of litigation, however, "practical considerations obviously require that the evaluation [of the settlement under Tech-Bilt] be made on the basis of information available at the time of settlement." Abbott Ford, Inc. v. Super. Ct., 43 Cal. 858, 874 (1987). The Court may (and should) rely on the Water Board's findings, even if the Water Board's decision is under review by the State Water Resources Control Board, because those are the findings that are available at this time. The Court may also rely on declarations submitted by the District in support of the settlement. See Cal. Code Civ. Proc. § 877.6(b) ("The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the

---

Response to Comments, the Water Board also addresses many of the contentions Non-Settling Defendants assert in their opposition papers. See ECF No. 155-2, Ex. B.

hearing.").

### B. Application of the Tech-Bilt Factors

The Court now turns to application of the Tech-Bilt factors. Certain of those factors do not apply here – i.e., the allocation of settlement proceeds among plaintiffs, and the existence of collusion, fraud, or tortious conduct, which the Non-Settling Defendants have not alleged – but the other factors support the conclusion that the proposed settlement is reasonable. The first relevant Tech-Bilt factor is "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability." 38 Cal. 3d at 499. In a prior order approving the Plaintiffs' settlement with a different defendant, Piccolo Properties, the Court found Plaintiffs' estimated $15 million recovery was "aspirational," but noted that Plaintiffs stated their expected recovery was in the millions of dollars. See ECF No. 95 at 5; see also ECF No. 1, Ex. A at 40 ($5 million prayer for relief). As a percentage of Plaintiffs' projected $5 million recovery, the District's settlement amount of $50,000 is *de minimis*.

But as the Court explained in approving the prior Piccolo settlement, the *de minimis* nature of the settlement amount does not by itself render the settlement inadequate under Tech-Bilt. Based on the evidence available at this time, it is reasonable to conclude that the District's liability, if any, is also *de minimis*. The District avers that it has followed a maintenance regime that has kept its sewer conveyance system in good working order, ECF No. 154 ¶ 18; that it adheres to federal, state and regional water quality standards and maintains its own set of regulatory guidelines, Id. ¶ 10-11; and has submitted as supporting evidence the Water Board Report, in which the Water Board finds that the District is not a discharger, ECF No. 155-1, Ex. A at 12. Moreover, as previously discussed, the Water Board has already evaluated and found unpersuasive the evidence Non-Settling Defendants provide in support of their contentions here. See ECF No. 155-1, Ex. A; ECF No. 155-2, Ex. B. Given the Water Board's finding that the District is not a discharger, it is reasonable to conclude that the District is responsible for very little, if any, of the alleged harm to Plaintiffs.

The second factor—whether the settlement amount is in the "ballpark," given the District's proportionate share of liability and Plaintiffs' approximate recovery—also weighs in favor of

1  approval.  As explained above, while the District's settlement is a small percentage of the total
2  amount the Plaintiffs hope to recover, the settlement is reasonable in light of what appears to be
3  the District's negligible level of responsibility.  Cf. Wysong & Miles Co. v. W. Indus. Movers,
4  143 Cal. App. 3d 278, 290 (1983) (finding substantial evidence supported the lower court's good-
5  faith finding, despite the disparity between the settlement amount ($65,000) and the value of
6  plaintiffs' claims ($7 million), because there was evidence that would negate the settling
7  defendant's culpability entirely).

8        Finally, the third applicable factor is recognition that a settlor should pay less in settlement
9  than after trial.  See Abbott Ford, 43 Cal. 3d at 874 ("In order to encourage settlement, it is quite
10  proper for a settling defendant to pay less than his proportionate share of the anticipated
11  damages.").  The purpose of this factor is to encourage settlement.  Id.  Thus, given that the
12  District appears to share little, if any, liability for the alleged injury to Plaintiffs, this factor also
13  weighs in favor of the proposed settlement.

14        Upon consideration of all the applicable factors, the Court finds the settlement is not so
15  "out of the ballpark" as to be unreasonable.  Accordingly, section 877.6(c) bars "any other joint
16  tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for
17  equitable comparative contribution, or partial or comparative indemnity, based on comparative
18  negligence or comparative fault."  Cal. Code Civ. Proc. § 877.6(c).

19        **C.  Pro Tanto Versus Proportionate Share Approach to Liability**

20        The parties also dispute whether the pro tanto or proportionate share approach to
21  apportioning liability among defendants should apply here.  See ECF No. 152 at 10; ECF No. 188
22  at 7-8.  "In a pro tanto regime, the amount paid by the settling defendants is deducted from the
23  overall verdict, and the non-settling defendants are liable for the balance."  Fluck v. Blevins, 969
24  F. Supp. 1231, 1233 (D. Or. 1997).  In the proportionate share approach, the non-settling
25  defendant's liability is reduced by the equitable share of the settling party's obligation, rather than
26  by what the settling party actually paid.  The two approaches assign the risk of an inadequate
27  partial settlement – one that is lower than the amount the jury ultimately allocates to the settling
28  defendant at trial – differently.  "Under the proportionate share approach, the plaintiff bears the

risk, while under the pro tanto approach, the nonsettling defendants bear the risk." Adobe Lumber, Inc. v. Hellman, No. CIV 05-1510 WBS EFB, 2009 WL 256553, at *3 (E.D. Cal. Feb. 3, 2009) (citing In re Jiffy Lube Sec. Litig., 927 F.2d 155, 161 (4th Cir.1991)).

Plaintiffs and the District ask the Court to apply the pro tanto approach because that is the approach adopted by courts applying California law and section 877.6 in particular. ECF No. 152 at 10; ECF No. 193 at 14-15; ECF No. 194. The Non-Settling Defendants contend that the proportionate-share approach adopted in Section 6 of the Uniform Comparative Fault Act—the approach "commonly employed in the Ninth Circuit," particularly in CERCLA actions—should apply here. ECF No. 188 at 7-8.

The Court finds that the pro tanto approach to apportioning liability is the correct approach in this case. The Court has already determined that because state law claims predominate in this action, state substantive law governs settlements between Plaintiffs and individual defendants. See ECF No. 95 at 3 n.3; supra, n.2. Accordingly, the Court has adopted and applied section 877.6 to this settlement and the Piccolo settlement. See ECF No. 95. Section 877.6 codifies the pro tanto method of apportioning liability among defendants, so presumptively the Court should adopt and apply that method here. And the parties have not identified authority that requires the Court to apply the proportionate share approach to Plaintiffs' federal claim. See Medina v. Argent Mortg. Co., No. C05-02905 HRL, 2007 WL 1848664, at *2 (N.D. Cal. June 27, 2007) ("However, the parties have not cited (and this court has not found) binding precedent which mandates the application of the proportionate liability approach to the federal claims being asserted by plaintiffs here.").

The Non-Settling Defendants argue that the Court should apply the proportionate share approach to liability because the Ninth Circuit applies the approach in CERCLA cases. But the only federal cause of action Plaintiffs have alleged is a Resources Conservation and Recovery Act ("RCRA") claim. RCRA, unlike CERCLA, does not expressly codify a right of contribution among defendants. Tyco Thermal Controls, LLC v. Redwood Indus., No. 06-07164 JF (PVT), 2010 WL 3211926, at *11-12 (N.D. Cal. Aug. 12, 2010) (citations omitted). Because of this dissimilarity between RCRA and CERCLA, the Court finds the Non-Settling Defendants'

arguments on this point unpersuasive.

The Court therefore adopts the pro tanto approach to apportion liability among these defendants.

**CONCLUSION**

For the foregoing reasons, the Court hereby grants the District's application for good faith settlement. The Clerk shall terminate the District as a party to this action.

IT IS SO ORDERED.

Dated: April 24, 2015

_____
JON S. TIGAR
United States District Judge