UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>    Defendants. | Case No.  13-cv-04358-JST<br><br>**ORDER SETTING FURTHER PROCEDURES TO RESOLVE DISCOVERY DISPUTE**<br><br>Re: ECF No. 139 |

    Now before the Court are the parties' responses to the Court's Order to Show Cause why monetary sanctions should not be imposed against Gregory Village Partners in connection with Gregory Village's submission of its privilege log. ECF No. 139. The Court held a hearing on the Order to Show Cause on March 10, 2015. ECF No. 192.

    The Court's Order of October 6, 2014, required Gregory Village to "review its privilege log to ensure that (a) Gregory Village continues to assert the attorney-client privilege as to each document on the log; and (b) each document description on the log accurately reflects the subject matter of the underlying communication." ECF No. 104 at 3. Gregory Village was ordered to serve a revised log in accordance with this review by October 16, 2014, signed by its attorney of record. Id. Having reviewed the parties' responses to the Order to Show Cause, and considered the arguments made at the hearing held March 10, and on close review of the record, it is clear that the review ordered by the Court did not take place.

    The first indication of Gregory Village's non-compliance is that the descriptions of individual items on the revised log continued not to be accurate. For example, in its Further Submission,[1] Gregory Village stated that it had withheld certain documents listed on the privilege

---

[1] After it had supposedly thoroughly reviewed and revised its privilege log, Gregory Village submitted to the Court a document entitled "Further Submission by Defendants Gregory Village

log "on a number of grounds not specifically listed on the privilege log." Further Submission, Ex. 1. In other words, Gregory Village originally asserted the attorney-client privilege as to a number of documents on its privilege log, but then acknowledged that there was no basis for assertion of that privilege.[2] As additional examples, both Document Nos. 519 and 609 are listed as being communications with Tracy Craig, but Craig neither sent nor received either document.

Second, some of the documents withheld on privilege grounds contain no privileged information of any kind. For example, Documents No. 478, 519, and 642 do not contain any legal advice or attorney work product. Rather, they pertain to scheduling and, to a large extent, the child care needs of in-house counsel Mary Haber.

Finally, at the hearing, it became evident that Gregory Village made *further* corrections to its privilege log after the issuance of the Court's Order to Show Cause. The Court can only conclude that these corrections were made necessary by Gregory Village's failure previously to perform a thorough, complete, and timely review when ordered. Notably, even though it knew the existing privilege log was inaccurate – and had fixed at least some of the inaccuracies – Gregory Village had not provided a corrected copy of the privilege log to Plaintiff as of the time of the hearing.

Not all of the errors or omissions are large or consequential. The size of any individual error, however, is not the issue. Rather, the issue is the percentage of errors on the sample privilege log, particularly when that percentage is applied to the entire privilege log. Based on this extrapolation, a significant percentage of the privilege log entries are probably inaccurate, and Gregory Village is probably withholding a number of documents on privilege grounds that are not, in fact, privileged. But only Gregory Village knows which ones. In the meantime, its privilege log is unreliable.

---

Partners, L.P. and VPI, Inc. Regarding Craig and Haber Documents Designated as Privileged by Defendants and Selected by Plaintiffs for In Camera Review" ("Further Submission"). See ECF No. 139 at 4. The Further Submission made additional corrections to the privilege log and withdrew claims of privilege as to certain documents.

[2] Gregory Village continued to try to withhold the documents in question on other grounds. See ECF No. 146.

2

While the record as it stands supports the imposition of sanctions, the Court will accept Plaintiffs' suggestion that one more round of revision and review is appropriate. Accordingly, the Court hereby orders as follows:

1. Gregory Village shall produce a revised privilege log to Plaintiffs by May 5, 2015. The revised log shall identify all differences in log entries between the prior log and the revised log.

2. By May 12, 2015, Plaintiffs shall identify to Gregory Village twenty documents for further in camera review by the Court.

3. By May 15, 2015, Gregory Village shall lodge with the Court the twenty documents Plaintiffs identified for in camera review.

4. The Court will then determine whether the challenged documents are protected by the attorney-client privilege or the work-product doctrine.

5. Based on its review of the documents, the Court will consider what next steps are appropriate, including an appropriate course of action for resolving any remaining disputes.

6. The underlying order to show cause shall remain under submission until the foregoing procedures are complete.

IT IS SO ORDERED.

Dated: April 27, 2015

_____
JON S. TIGAR
United States District Judge