1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RYAN SCHAEFFER, et al.,                 Case No.  13-cv-04358-JST

          Plaintiffs,
8                                            **ORDER REGARDING DOCUMENTS**
                                             **LISTED ON DEFENDANTS GREGORY**
9         v.                                 **VILLAGE PARTNERS, L.P. AND VPI,**
                                             **INC.'S PRIVILEGE LOG**
10   GREGORY VILLAGE PARTNERS, L.P., et
     al.,                                    Re:  ECF No. 221
11        Defendants.

12

13          The Court has reviewed the documents lodged with the Court on or about May 12, 2015

14   and now rules as follows regarding the character of each.

15          Preliminarily, the Court notes that Gregory Village frequently designates as covered by the

16   attorney-client privilege documents, such as communications between Mary Haber and third

17   parties, that are protected by the attorney work product doctrine but not by the attorney-client

18   privilege.  "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3),

19   protects 'from discovery documents and tangible things prepared by a party or his representative

20   in anticipation of litigation.'"  In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357

21   F.3d 900, 906 (9th Cir. 2004) (quoting Admiral Ins. Co. v. United States District Court, 881 F.2d

22   1486, 1494 (9th Cir.1989)).  Notwithstanding the misdesignation, the Court has noted the

23   existence of work product protection where it applies, and made its decisions accordingly.

24          The Court sustains Gregory Village's assertion of the attorney-client privilege as to the

25   following documents:  Document Nos. 294 (GV012363); 299 (GV012384-85); 319 (GV012601-

26   05); and 871 (GV022801).

27          The Court finds that the following documents are protected by the attorney work product

28   doctrine: Document Nos. 871 (GV022802-03); 873 (GV022813); 922 (GV022912); 1037

United States District Court
Northern District of California

1    (GV024755-24761); 1055 (GV024840-41); and 1060 (GV024858-62).

2    Document No. 40 (GV004767-68)

3        This is an e-mail regarding cash flow from one Gregory Village officer or employee to

4    another.  Ms. Haber is a "cc" recipient.  There is no request for legal advice, and none is provided.

5    This document is not privileged and must be produced.

6    Document No. 68 (GV005895)

7        Ordinarily, communications between Mary Haber and Erler & Kalinowski, Inc. would be

8    subject to the attorney work product doctrine, because it seems reasonably clear that EKI was

9    engaged to assist Ms. Haber and Gregory Village in preparing for this litigation and the

10   administrative proceedings before the California Regional Water Quality Control Board-San

11   Francisco Bay Region.  However, communications with, and documents produced by, Erler &

12   Kalinowski, Inc. ("EKI") are no longer protected because EKI professional engineer Steven G.

13   Miller has provided written testimony in this case.  ECF No. 213 (Miller Decl.); United States v.

14   Nobles, 422 U.S. 225, 239 (1975) ("Respondent, by electing to present the investigator as a

15   witness, waived the privilege with respect to matters covered in his testimony."); Republic of

16   Ecuador v. Mackay, 742 F.3d 860, 870 n.4 (9th Cir. 2014) ("any ordinary work product

17   protection  . . . would typically be waived where the materials are disclosed to a testifying

18   expert").  Accordingly, this document is no longer protected by the attorney work product doctrine

19   and must be produced.

20   Document No. 195 (GV007738-39)

21       These e-mails relate to a non-privileged communication with a third party and do not

22   contain legal advice.  Ms. Haber is acting in a purely business capacity.  This document is not

23   privileged and must be produced.

24   Document No. 310 (GV012530)

25       This document appears to relate to the same subject matter as Document No. 195.  This

26   document is not privileged and must be produced.

27   Document No. 399 (GV014166-72)

28       For the reasons discussed in connection with Document No. 68, this document was at one

United States District Court
Northern District of California

2

1  time protected by the attorney work product doctrine, but is no longer protected and must be

2  produced.

3  Document No. 483 (GV015974)

4      For the reasons discussed in connection with Document No. 68, this document was at one

5  time protected by the attorney-client privilege, but is no longer privileged and must be produced.

6  Document No. 561 (GV017570-73)

7      For the reasons discussed in connection with Document No. 68, this document was at one

8  time protected by the attorney work product doctrine, but is no longer protected and must be

9  produced.

10  Document No. 606 (GV018641)

11      For the reasons discussed in connection with Document No. 68, this document was at one

12  time protected by the attorney work product doctrine, but is no longer protected and must be

13  produced.

14  Document No. 866 (GV022790)

15      For the reasons discussed in connection with Document No. 68, this document was at one

16  time protected by the attorney work product doctrine, but is no longer protected and must be

17  produced.

18  Document No. 867 (GV022791)

19      For the reasons discussed in connection with Document No. 40, this document is not

20  privileged and must be produced.

21      The Court now concludes that any further discovery disputes between the parties,

22  including the privileged or work product nature of Gregory Village's documents, "cannot be

23  effectively and timely addressed by an available district judge or magistrate judge of the district,"

24  Fed. R. Civ. P. 53, and that the appointment of a special master is appropriate.  Id.  The costs of

25  the special master will be borne entirely by Gregory Village, subject to future reallocation upon a

26  showing of good cause.  The foregoing allocation of costs is a sanction for Gregory Village's non-

27  compliance with the Court's prior orders, as set forth in the Order dated April 27, 2015.

28      The parties are ordered to meet and confer regarding, and file, not later than June 5, 2015,

a stipulated order of appointment pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, identifying a mutually acceptable special master and containing all of the terms required by Rule 53(b)(2).  If the parties are unable to agree on the identity of a special master, they shall nonetheless attempt to agree to the extent possible on the terms of an order of appointment.  If the parties are unable to agree on either the identity of a special master or the terms of an order of appointment, they are ordered to file competing proposals.

**IT IS SO ORDERED.**

Dated:  May 27, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4