UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>Defendants. | Case No. 13-cv-04358-JST<br><br>**ORDER APPROVING APPLICATION FOR GOOD FAITH SETTLEMENT**<br><br>Re: ECF No. 255 |

Before the Court is Defendants Chevron U.S.A. Inc. ("Chevron") and MB Enterprises, Inc., Massoud Enrahimi, and Bhagdeep S. Dhaliwal's (collectively "MBE") Application for a Good Faith Settlement Determination. ECF No. 255. The Court will GRANT Chevron and MBE's application and find that the settlement was made in good faith.

I.   BACKGROUND

On June 1, 2011, Plaintiffs Ryan, Anne, and Reese Schaeffer ("Plaintiffs") filed a lawsuit against Chevron, MBE, and other defendants in Contra Costa County Superior Court alleging personal injury damages and environmental contamination; the action was then removed to this Court. ECF No. 1. Plaintiffs assert claims for nuisance, trespass, negligence, waste, cost recovery under the California Hazardous Substance Control Act, and for violations of the Business and Professions Code § 17200. Id. Plaintiffs also request injunctive relief under the Resource Conservation and Recovery Act ("RCRA") against Chevron, MBE, and all remaining defendants except for Gregory Village and VPI. Id. Plaintiffs have asserted additional claims against Gregory Village, including intentional infliction of emotional distress, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Id.

Plaintiffs allege that Chevron and MBE owned and controlled property at 1705 Contra Costa Boulevard, Pleasant Hill, California (the "Property") at the time perchloroethylene ("PCE")

and other hazardous wastes were "handled, generated, transported, disposed of, used, stored, and/or released into the environment from dry cleaning tenants and the service station operations." ECF No. 1, ¶ 3. Chevron owned the Property from December of 1986 to March of 2003. ECF No. 255 at 3. MBE acquired the Property from Chevron in March of 2003 and now operates a Chevron-branded service station and car wash on the Property. Id. at 4. Prior to 1986, the Property was actually two parcels: a gasoline station operated on one parcel and a dry cleaner, which ceased operations in 1986, operated on the other parcel. Id. Plaintiffs allege that contamination from the dry cleaners that formerly operated at the Property and releases from the gasoline service operating at the Property have damaged them. ECF No. 1, ¶ 39.

On August 26, 2014, the Court approved the settlement between Plaintiffs and Defendant Piccolo Properties, L.P. ECF No. 95. On April 24, 2015, the Court approved the settlement between Plaintiffs and Defendant Central Contra Costa Sanitary District. ECF No. 220.

In November of 2014, the Regional Water Quality Control Board (the "Water Control Board") issued an order, No. R2-2014-00242, requiring characterization and remediation of the Property.[1] See id. at 3-4; ECF No. 256 (Goodman Decl.), Ex. D. In the order, the Water Control Board named Chevron a discharger because 1) it used a former leaking waste oil underground storage tank on the Property and 2) the former dry cleaning operations' releases migrated through the Property during the time Chevron owned it. Goodman Decl., Ex. D at 3. MBE was named a discharger based on its current ownership of the Property from which there is ongoing discharge. Id.

On July 1, 2015, Defendants Chevron and MBE filed the Motion for Good Faith Settlement Determination now before the Court. ECF No. 255. On July 8, 2015, Plaintiffs submitted a joinder in support of Defendants' Motion. ECF No. 262. The parties request that the Court find that the settlement between Defendants Chevron and MBE and Plaintiffs Ryan, Anne, and Reese Schaeffer was made in good faith pursuant to California Code of Civil Procedure section 877.6 and contingent to the Court's approval, to bar all claims against Defendants Chevron

---

[1] The Water Control Board also issued an order, No. R2-2014-0041, adopting site cleanup requirements for the Gregory Village Shopping Center. See Goodman Decl., Ex. C.

2

1  and MBE for contribution and indemnity; and dismiss with prejudice all causes of action asserted
2  against Chevron and MBE in exchange for $205,000 to Plaintiffs. ECF No. 256, Ex. A
3  (settlement agreement and release). No defendant opposes the motion.

## II. LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Civ. Pro. Code § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final.[2] Id. § 877.6. The section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c).

A settlement is made in good faith if is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. Tech-Bilt Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 499 (1985). Courts, in making a good faith settlement determinations, should consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id. (citation omitted). Any party opposing an application for good-faith settlement bears the burden of proving "that the

---

[2] Section 877.6 applies to this settlement because state-law claims predominate in the action. See Federal Savings & Loan Insurance Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (applying section 877.6 in analogous circumstances).

1  settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the
2  equitable objectives of the statute." Id. at 499-500; see also Cal. Civ. Proc. Code § 877.6(d).  At
3  this stage of litigation, hard evidence is sometimes difficult to obtain, and "practical considerations
4  obviously require that the evaluation [of the settlement under Tech-Bilt] be made on the basis of
5  information available at the time of settlement." Abbott Ford, Inc. v. Super. Ct., 43 Cal. 858, 874
6  (1987).

   When no party objects to the proposed settlement, the court may bypass the Tech-Bilt factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." City of Grand Terrace v. Super. Ct. of San Bernardino Cnty., 192 Cal. App. 3d 1251, 1261 (1987); PAG-Daly City, LLC v. Quality Auto Locators, Inc., No. C 12-3907 WHA, 2014 WL 807415, at *1-2 (N.D. Cal. Feb. 27, 2014).

### III. ANALYSIS

The Court has reviewed Chevron and MBE's motion, the supporting declarations and exhibits, and Plaintiffs' joinder and declaration.  Moving defendants provided notice to all non-settling defendants.  No defendant has opposed the motion.  Because no party contests the motion, it is unnecessary to weigh the Tech–Bilt factors.  City of Grand Terrace, 192 Cal. App. 3d at 1261.  The joint motion is therefore granted.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the unopposed motion for determination of good faith settlement.

IT IS SO ORDERED.

Dated: August 31, 2015

_____
JON S. TIGAR
United States District Judge