UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>    Defendants. | Case No. 13-cv-04358-JST<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Re: ECF No. 272 |

Before the Court is Gregory Village Partners, L.P. ("Gregory Village") and VPI, Inc.'s ("VPI") Motion for Good Faith Settlement Determination. ECF No. 272. The Court will grant the motion and find that the settlement was made in good faith.

## I.   BACKGROUND

Plaintiffs Ryan, Anne, and Reese Schaeffer ("Plaintiffs") filed a lawsuit against Gregory Village, VPI, and other defendants in Contra Costa County Superior Court alleging personal injury and environmental contamination. ECF No. 1. The action was then removed to this Court. Id. Plaintiffs assert claims for nuisance, trespass, negligence, waste, cost recovery under California's Hazardous Substance Account Act ("HSAA"), and for violations of Business and Professions Code §17200. Id. Plaintiffs bring additional claims against Gregory Village for intentional infliction of emotional distress, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Id. Plaintiffs seek damages and the abatement of the contamination. Id.

Plaintiffs allege that harmful contamination impacting Plaintiffs' health and the value of their home originated from various businesses located at the neighboring shopping center ("the Property"). Id. ¶ 1. Plaintiffs also allege that leaks from the sanitary sewer contributed to the contamination. Id. ¶ 16. Plaintiffs contend that Gregory Village is liable, as the owner of the

Property, and that Gregory Village may have contributed to the contamination when it resurfaced the Property. Id. ¶¶ 41-45. Plaintiffs later filed a motion for partial summary judgment against Gregory Village for public nuisance, private nuisance, trespass, negligence, negligence per se, declaratory relief, and cost recovery under HSAA. ECF No. 167. The Court granted in part Plaintiffs' motion. ECF No. 224.

On August 7, 2015, Defendants Gregory Village and VPI filed the instant motion for good faith settlement determination.[1] ECF No. 272. Plaintiffs submitted a joinder in support of the motion. ECF No. 280. The parties request that the Court find the settlement was made in good faith pursuant to California Code of Civil Procedure section 877.6 and contingent on the Court's approval, to bar all claims against Gregory Village and VPI for contribution and indemnity; and dismiss with prejudice all causes of action asserted against them. In exchange for a full release of the claims, Gregory Village agrees to pay the Plaintiffs $235,000 and to purchase Plaintiffs' home for $700,000 (along with bearing the closing costs). ECF No. 274, Ex. A (settlement agreement and release). Plaintiffs also have the right to lease back Plaintiffs' home rent free for the first six months and for $2,000 per month for the following six months. Id. Upon approval of this settlement agreement, Plaintiffs will request approval of a minor's compromise for Plaintiff Reese Schaeffer. Id., Ex. A ¶ 6.3. No defendants oppose the motion.

## II.  LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." CAL. CIV. PRO. CODE § 877. As a check on the validity of settlement agreements that might affect joint

---

[1] To date, the Court has approved the settlements between Plaintiffs and Defendant Piccolo Properties, L.P, see ECF No. 95; between Plaintiffs and Defendant Central Contra Costa Sanitary District, see ECF No. 220; and between Plaintiffs and Defendants Chevron U.S.A. Inc., MB Enterprises, Inc., Massoud Enrahimi, and Bhagdeep S. Dhaliwal, see ECF No. 282. Also before the Court is the motion for good faith settlement determination between Plaintiffs and Joseph J. Lee, Moon S. Lim, and Jiewon Lim. See ECF No. 276.

tortfeasors not a party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final.[2] Id. § 877.6.  The section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c).

A settlement is made in good faith if is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. Tech-Bilt Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 499 (1985).  Courts, in making a good faith settlement determinations consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id. (citation omitted).  Any party opposing an application for good-faith settlement bears the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." Id. at 499-500; see also CAL. CIV. PROC. CODE § 877.6(d).

When no party objects to the proposed settlement, the court may bypass the Tech-Bilt factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." City of Grand Terrace v. Super. Ct. of San Bernardino Cnty., 192 Cal. App. 3d 1251, 1261 (1987); PAG-Daly City, LLC v. Quality Auto Locators, Inc., No. C 12-3907 WHA, 2014 WL 807415, at *1-2 (N.D. Cal. Feb. 27, 2014).

///

---

[2] Because state-law claims predominate in the action, section 877.6 applies to this settlement. See Federal Savings & Loan Insurance Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (applying section 877.6 in analogous circumstances).

### III. ANALYSIS

The Court has reviewed Gregory Village and VPI's motion, the supporting declarations and exhibits, and Plaintiffs' joinder and declaration. Moving defendants provided notice to all non-settling defendants. No defendant has opposed the motion. Because no party contests the motion, it is unnecessary to weigh the Tech-Bilt factors. City of Grand Terrace, 192 Cal. App. 3d at 1261. The joint motion is therefore granted.

### CONCLUSION

For the foregoing reasons, the Court grants the unopposed motion for determination of good faith settlement.

IT IS SO ORDERED.

Dated: September 11, 2015

_____
JON S. TIGAR
United States District Judge