UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>　　　　Defendants. | Case No.  13-cv-04358-JST<br><br>**ORDER GRANTING MINOR'S COMPROMISE**<br><br>Re: ECF No. 287 |

Plaintiffs Ryan Schaeffer and Anne Schaeffer petition the Court for an order approving their compromise of their minor daughter's claim.  ECF No. 287.  The Court will grant the petition.

## I.    BACKGROUND

Plaintiffs Ryan Schaeffer, Anne Shaeffer, and Reese Schaeffer brought this lawsuit against various defendants alleging personal injury and environmental contamination.  ECF No. 1.  Plaintiffs asserted claims for nuisance, trespass, negligence, ultrahazardous activity, waste, cost recovery under California's Hazardous Substance Account Act, and for violations of Business and Professions Code §17200.  Id.  The case was removed to this Court, and prior to removal, Anne Schaeffer was appointed guardian ad litem for Reese Schaeffer.

Plaintiffs have largely settled this case and have entered into five different settlement agreements with the following Defendants: (1) Piccolo Properties for $6,500 (ECF No. 95); (2) Central Contra Costa Sanitary District for $50,000 (ECF No. 220); (3) Chevron U.S.A. Inc., MB Enterprises, Inc., Massoud Enrahimi, and Bhagdeep S. Dhaliwal for $205,000 (ECF No. 282); (4) Gregory Village Partners, L.P. and VPI, Inc. for $235,000 and the purchase of Plaintiffs' home for $700,000 (ECF No. 285); and (5) Joseph J. Lee, decedent Grace M. Lee, Moon, S. Lim, and Jiewon Lim for $175,000 (ECF No. 286).

1    Plaintiffs also received an out-of-court settlement from non-parties, Jane A. Lehrman and
2 successor entities to the Estate of Ned Robinson and the Estate of Marjorie Robinson, in the
3 amount of $35,000. ECF No. 287 ¶ 19.
4    The total amount paid by settling Defendants and the non-parties will total $1,406,500.
5 ECF No. 287 ¶ 21. This amount includes the proceeds from the sale of Plaintiffs' home. Ryan
6 and Anne Schaeffer plan to sell their home to Defendant Gregory Village for $700,000, pay off the
7 mortgage, and use the remaining funds to establish two separate households. Id. Plaintiffs have
8 incurred $240,581.16 in litigation costs and have agreed to pay their counsel, Paladin Law Group
9 LLP, $328,333.[1] ECF No. 287, Exs. 1, 2. Attorneys' fees for establishing the trust for the minor
10 will total $1,200. After subtracting costs, the net settlement fund will equal $264,525.84.
11 Plaintiffs propose allocating $30,000 to Reese Schaeffer, $117,272.42 to Ryan Schaeffer, and
12 $117, 262.42 to Anne Schaeffer. ECF No. 287, Ex. 3.
13   On September 21, 2015, Plaintiffs Ryan and Anne Schaeffer filed this petition, requesting
14 that the Court approve the compromise of their minor daughter's claims. ECF No. 287. Reese
15 Schaeffer is currently five years old and resides with Anne Schaeffer. ECF No. 287 at ¶ 1. Ryan
16 and Anne Schaeffer request that the Court approve the purchase and establishment of a revocable
17 trust account with the present value of $30,000. Id. Ryan and Anne Schaeffer will serve as co-
18 trustees of the trust. ECF No. 287, Ex. 1.

19  **II.   LEGAL STANDARD**

20   "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to
21 safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181
22 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must
23 "'conduct its own inquiry to determine whether the settlement serves the best interests of the
24 minor.'" Id. at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)). In
25 cases involving the settlement of a minor's federal claims, district courts should "limit the scope

---

[1] Plaintiffs' counsel originally agreed to a success fee of 35% after costs, but during settlement negotiations, agreed to a $328,333 success fee. ECF No. 287 ¶ 24. Adding the $1,200 fee for establishing the trust, attorneys' fees represent 23.4% of the total settlement or 28.3% of the settlement excluding litigation costs.

1  of their review to the question whether the net amount distributed to each minor plaintiff in the
2  settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and
3  recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery
4  without regard to the proportion of the total settlement value designated for adult co-plaintiffs or
5  plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at
6  1181–82 (citing Dacanay, 573 F.2d at 1078).

7  The Ninth Circuit has not expressed a view as to the proper approach for courts to use
8  when sitting in diversity and approving settlement of a minor's claims arising under state law. Id.
9  at 1179 n.2. However, because this case implicates both federal and state law claims and because
10 the terms of the settlement are not claim-specific, the Court will apply Robidoux to evaluate the
11 settlement of the minor's claims in this case. See Frary v. Cnty. of Marin, No. 12-cv-3928-MEJ,
12 2015 WL 3776402, at *2 (N.D. Cal. June 16, 2015); Doe ex rel. Scott v. Gill, No. 11-cv-4979-
13 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012); Bor v. PPC WSSC LLC, No. 11-cv-
14 3430-LHK, 2012 WL 1438779, at *2 n.1 (N.D. Cal. Apr. 25, 2012).

15 **III.   DISCUSSION**

16 Under the proposed compromise, Reese Schaeffer will receive a net recovery of $30,000.
17 This amount will be deposited into a brokerage trust account with United States Automobile
18 Association, with Ryan and Anne Schaeffer serving as co-trustees. The trust is revocable when
19 Reese Schaeffer reaches the age of 18. ECF No. 287 at 2–3.

20 The Court finds that the net amount to be distributed to Reese Schaeffer is fair and
21 reasonable, in light of the facts of the case and the minor's claims against the Defendants.
22 Plaintiffs point out that (1) their complaint primarily focuses on damages to and remediation of the
23 property owned by Ryan and Anne Schaeffer, (2) some of the claims are not applicable to the
24 minor, and (3) that only the negligence cause of action "encompasses personal injury potentially
25 inflicted upon [P]laintiffs, including the minor" and "at this time, there have been no manifestation
26 of any physical injury to the minor." ECF No. 287 ¶ 26. Considering the facts of the case, the
27 claims involving Reese Schaeffer, and the proposed settlement, the Court approves the proposed
28 compromise of Reese Schaeffer's claims as fair and reasonable.

**CONCLUSION**

Based on the foregoing, the Petitioners' request for approval of the minor's compromise is granted. Within thirty days of establishing the trust, Plaintiffs' counsel shall provide the Court a declaration verifying the establishment of the trust.

IT IS SO ORDERED.

Dated: November 23, 2015

                                                                JON S. TIGAR
                                                     United States District Judge