UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>    Defendants. | Case No. 13-cv-04358-JST<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(2) AS TO DEFENDANTS JOSEPH J. LEE, DECEDENT GRACE M. LEE, MOON S. LIM, AND JIEWON LIM; AND THE KENLOW CORPORATION, KEN LOWRY, FLOYD TAYLOR, AND THE ESTATE OF KATHLEEN N. TAYLOR TO THE EXTENT OF STATE FARM INSURANCE COVERAGE**<br><br>Re: ECF No. 288 |

Before the Court is the parties' joint motion for voluntary dismissal as to Defendants Joseph J. Lee, Decedent Grace M. Lee, Moon S. Lim, and Jiewon Lim with prejudice and as to Defendants the Kenlow Corporation, Ken Lowry, Floyd Taylor, and the Estate of Kathleen N. Taylor, to the extent of State Farm's insurance coverage, with prejudice. ECF No. 288. For the reasons set forth below, the Court will grant the motion.

**I.    BACKGROUND**

On June 1, 2011, Plaintiffs Ryan, Anne, and Reese Schaeffer ("Plaintiffs") filed a lawsuit against various defendants, including Joseph J. Lee, Decedent Grace M. Lee, Moon S. Lim, and Jiewon Lim (the "Lee and Lim Defendants"), in Contra Costa County Superior Court alleging personal injury and environmental contamination. ECF No. 1. The action was then removed to this Court. Id. Plaintiffs assert claims for nuisance, trespass, negligence, ultrahazardous activity, waste, cost recovery under California's Hazardous Substance Account Act, and for violations of Business and Professions Code §17200. Id. The Lee and Lim Defendants operated an on-site dry

1  cleaner at the Gregory Village Shopping Center that allegedly released harmful dry cleaning
2  chemicals. Id. ¶ 9.
3  On August 7, 2015, the Lee and Lim Defendants filed their motion for good faith
4  settlement determination. ECF No. 276. On August 11, 2015, Plaintiffs submitted a joinder in
5  support of the motion. ECF No. 281. The Plaintiffs and the Lee and Lim Defendants agreed,
6  pursuant to California Code of Civil Procedure section 877.6, to a general release of all claims
7  against Joseph J. Lee, decedent Grace M. Lee, Moon S. Lim, and Jiewon Lim, in exchange for a
8  settlement payment of $175,000 to Plaintiffs. ECF No. 277, Ex. A ¶ 4. The parties also agreed
9  that the Plaintiffs would dismiss the claims as to the Kenlow Corporation, Ken Lowry, Floyd
10 Taylor, and the Estate of Kathleen N. Taylor (the "Kenlow and Taylor Defendants"), to the extent
11 of coverage available under State Farm insurance policies. Id. On September 11, 2015, the Court
12 approved the motion for good faith settlement determination. ECF No. 286.
13 On September 28, 2015, the parties filed the instant motion to voluntarily dismiss the case,
14 pursuant to Rule 41(a)(2), with prejudice. ECF No. 288. The motion is unopposed.

15 **II.    LEGAL STANDARD**

16 Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action by the
17 plaintiff. A plaintiff may invoke Rule 41(a) to dismiss fewer than all of the parties to an action.
18 See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 726
19 (citations omitted). It is within the district court's sound discretion to grant or deny a motion
20 made under Rule 41(a)(2). Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). "[A]
21 district court should grant a motion for voluntary dismissal unless a defendant can show that it will
22 suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir.
23 2001); Waller v. Financial Corp. of Am., 828 F.2d 579, 583 (9th Cir.1987). "Plain legal
24 prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument."
25 Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). The Court may dismiss
26 with or without prejudice, but "[u]nless the order states otherwise, a dismissal under this
27 paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2).
28

## III. DISCUSSION

Plaintiffs and the Lee and Lim Defendants jointly move to dismiss the action as to the Lee and Lim Defendants with prejudice and the Kenlow and Taylor Defendants, to the extent of insurance coverage available under policies issued by State Farm Fire and Casualty Company and/or State Farm General Insurance Company, with prejudice. ECF No. 288. The parties also request that the settling parties "bear their own fees and costs as between the settling parties." Id.

The Court must first consider, under Rule 41(a), whether dismissal of the Lee and Lim Defendants and the Kenlow and Taylor Defendants would result in legal prejudice to any other Defendants in this action. Per Civil Local Rule 7-3(a), any oppositions to the joint motion were due no later than October 13, 2015. No Defendants filed an opposition. The Court concludes no Defendant will suffer plain legal prejudice as a result of their dismissal from the action with prejudice. See Lenches, 263 F.3d at 975. In exchange for settlement, Plaintiffs agreed to a release of all claims against the Lee and Lim Defendants and against the Kenlow and Taylor Defendants, to the extent of coverage under State Farm policies. ECF No. 277, Ex. A.

The parties also request that the Court grant the dismissal with prejudice and order the settling parties to bear their own fees and costs. ECF No. 288. The Court finds that dismissal with prejudice is appropriate and orders that the settling parties bear their own fees and costs.

## CONCLUSION

For the foregoing reasons, the Court will grant the joint motion to voluntarily dismiss all claims against the Lee/Lim Defendants with prejudice and against the Kenlow and Taylor Defendants, only with respect to insurance coverage available under policies issued by State Farm Fire and Casualty Company and/or State Farm General Insurance Company, with prejudice. The settling parties are to bear their own fees and costs.

IT IS SO ORDERED.

Dated: November 23, 2015

_____
JON S. TIGAR
United States District Judge