UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>  Defendants. | Case No. 13-cv-04358-JST<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(2) AS TO DEFENDANTS CHEVRON U.S.A. INC., MB ENTERPRISES, INC., MASSOUD ENRAHIMI, AND BHAGDEEP S. DHALIWAL**<br><br>Re: ECF No. 289 |

Before the Court is the parties' joint motion for voluntary dismissal as to Defendants Chevron U.S.A. Inc., MB Enterprises, Inc., Massoud Enrahimi, and Bhagdeep S. Dhaliwal, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court will grant the motion.

**I.   BACKGROUND**

On June 1, 2011, Plaintiffs Ryan, Anne, and Reese Schaeffer ("Plaintiffs") filed a lawsuit against Chevron U.S.A. Inc., MB Enterprises, Inc., Massoud Enrahimi, and Bhagdeep S. Dhaliwal (the "Chevron and MBE Defendants"), and others, in Contra Costa County Superior Court alleging personal injury and environmental contamination. ECF No. 1. The action was then removed to this Court. Id. Plaintiffs assert claims for nuisance, trespass, negligence, ultrahazardous activity, waste, cost recovery under California's Hazardous Substance Account Act, and for violations of Business and Professions Code §17200. Id. Plaintiffs allege that the Chevron and MBE Defendants owned and controlled property at the time hazardous wastes were "handled, generated, transported, disposed of, used, stored, and/or released into the environment from dry cleaning tenants and the service station operations." ECF No. 1 ¶ 3.

On July 1, 2015, the Chevron and MBE Defendants filed their motion for good faith

settlement determination. ECF No. 255. On July 8, 2015, Plaintiffs submitted a joinder in support of the motion. ECF No. 262. The Plaintiffs and the Chevron and MBE Defendants agreed, pursuant to California Code of Civil Procedure section 877.6, to a general release of all claims against the Chevron and MBE Defendants in exchange for their settlement payment of $205,000 to Plaintiffs. ECF No. 256, Ex. A. On August 31, 2015, the Court granted the motion for good faith settlement determination. ECF No. 282.

On September 28, 2015, the parties filed the instant motion to voluntarily dismiss the case, pursuant to Federal Rule of Civil Procedure 41(a)(2), with prejudice. ECF No. 289. The motion is unopposed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action by the plaintiff. A plaintiff may invoke Rule 41(a) to dismiss fewer than all of the parties in an action. See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 726 (citations omitted). "[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); Waller v. Financial Corp. of Am., 828 F.2d 579, 583 (9th Cir.1987). "Plain legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). The Court may dismiss with or without prejudice, but "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2).

## III. DISCUSSION

Plaintiffs and the Chevron and MBE Defendants jointly move for the action to be dismissed with prejudice. ECF No. 289. The parties also request that the motion be granted with "settling parties to bear their own fees and costs as between the settling parties." Id.

The Court must first consider, under Rule 41(a), whether dismissal of the Chevron and MBE Defendants would result in legal prejudice to any other Defendants in this action. Per Civil Local Rule 7-3(a), any oppositions to the joint motion were due no later than October 20, 2015. No Defendants filed an opposition to the joint motion to voluntarily dismiss the Chevron and

MBE Defendants.  The Court concludes no Defendant will suffer plain legal prejudice as a result of its dismissal from the action with prejudice.  See Lenches, 263 F.3d at 975.  In exchange for settlement, Plaintiffs have already agreed to a release of all claims against the Chevron and MBE Defendants.  ECF No. 256, Ex. A.

The parties have also requested that the Court order the settling parties to bear their own fees and costs.  ECF No. 289.  The Court finds that dismissal of the Chevron and MBE Defendants with prejudice is appropriate and orders that the settling parties bear their own fees and costs related to this action.

## CONCLUSION

For the foregoing reasons, the Court will grant the joint motion to voluntarily dismiss all claims against the Chevron and MBE Defendants with prejudice.  The settling parties are to bear their own fees and costs.

IT IS SO ORDERED.

Dated: November 23, 2015

_____
JON S. TIGAR
United States District Judge