UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHAEFFER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY VILLAGE PARTNERS, L.P., et al.,<br><br>    Defendants. | Case No. 13-cv-04358-JST<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(A)(2) OF GREGORY VILLAGE PARTNERS, L.P.; VPI, INC.; AND THE KENLOW CORPORATION**<br><br>Re: ECF No. 299 |

Before the Court is the parties' Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) of Gregory Village Partners, L.P.; VPI, Inc.; and the Kenlow Corporation (collectively "Gregory Village Defendants"). ECF No. 299. The Court will grant the motion.[1]

## I.   BACKGROUND

On September 19, 2013, this personal injury and environmental contamination case was removed to this Court. ECF No. 1. Plaintiffs alleged claims for nuisance, trespass, negligence, ultrahazardous activity, waste, cost recovery under California's Hazardous Substance Account Act, and for violations of Business and Professions Code §17200 against several defendants. Id. They also brought additional claims against Gregory Village for intentional infliction of emotional distress, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Id. Plaintiffs sought damages and the abatement of the contamination. Id.

The Gregory Village Defendants settled the case as to them last summer, and filed a motion for good faith settlement determination on August 7, 2015. ECF No. 272. The Court

---

[1] Pursuant to Civil Local Rule 7–1(b), this motion is deemed suitable for disposition without oral argument, and the hearing scheduled for February 11, 2016, is therefore vacated.

1    granted the motion on September 11, 2015.  ECF No. 285.

2    On December 31, 2015, the Plaintiffs and the Gregory Village Defendants jointly filed this
3    motion to voluntarily dismiss the case with prejudice.  ECF No. 299.

## II.   LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2). A plaintiff may invoke Rule 41(a) to dismiss fewer than all of the parties to an action.  See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 726 (9th Cir. 1991) (citations omitted).

The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion.  Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980) (internal citation omitted).  However, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)).  Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument."  Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

## III.  DISCUSSION

Plaintiffs and Defendants Gregory Village Partners and VPI jointly move to dismiss the action as to Gregory Village, VPI, and the Kenlow Corporation[2] with prejudice.  ECF No. 299. The parties also request that the settling parties "bear their own fees and costs as between the settling parties."  Id.

The Court must first consider whether dismissal of the Gregory Village Defendants would result in legal prejudice to any other defendant in the action.  The deadline for oppositions to this

---

[2] Plaintiffs previously moved the Court to dismiss the action as to the Kenlow Corporation, to the extent of insurance coverage available under policies issued by State Farm Fire and Casualty Company and/or State Farm General Insurance Company.  ECF No. 288.  The Court granted the motion.  ECF No. 297.

United States District Court
Northern District of California

1 motion was January 14, 2016, and no opposition was filed. The Court concludes that no defendant
2 will suffer plain legal prejudice as a result of the Court's granting of this motion. See Lenches,
3 263 F.3d at 975. Additionally, the Court finds that dismissal with prejudice is appropriate and
4 orders that the settling parties bear their own fees and costs.

**CONCLUSION**

The Court grants the joint motion to voluntarily dismiss all claims against Gregory Village, VPI, and the Kenlow Corporation with prejudice. The settling parties are to bear their own fees and costs.

IT IS SO ORDERED.

Dated: January 26, 2016

JON S. TIGAR
United States District Judge